502 So.2d 976 (1987)
EAST AUTO SUPPLY COMPANY, INC., and the Frydenburg Corporation, Appellants,
v.
ANCHOR MORTGAGE SERVICES, INC., Appellee.
No. 4-86-1164.
District Court of Appeal of Florida, Fourth District.
February 11, 1987.
Rehearing Denied March 11, 1987.
Alec Ross, North Miami Beach, for appellants.
John M. McCormick, Orlando, for appellee.
STONE, Judge.
This is an appeal by the defendant from a final judgment of foreclosure. The Frydenburg Corporation claims that process was improperly served on its resident agent while the corporation was temporarily dissolved. However, the corporation was subsequently timely reinstated. We therefore find that the trial court did not err in denying the defendant's motion to quash service.
Section 48.101, Florida Statutes, provides:
Process against the directors of any corporation which is dissolved as trustees of the dissolved corporation shall be served on one or more of the directors of the dissolved corporation as trustees thereof and binds all of the directors of the dissolved corporation as trustees thereof.
The statute does not specify that service on a surviving trustee is the sole method of service. We can discern no legislative purpose nor public policy that could be served by holding that service on a named resident agent in such circumstances is ineffective. However, we need not reach that issue since section 607.271(5), Florida Statutes, provides that upon reinstatement, the corporate existence is deemed to have continued without interruption. The corporation *977 is then treated as if it had never been dissolved. See Cosmopolitan Distributors, Inc. v. Lehnert, 470 So.2d 738 (Fla. 3d DCA 1985), rev. denied, 486 So.2d 596 (Fla. 1986). See also LeLac Property Owners' Association v. Routh, 493 So.2d 1131 (Fla. 4th DCA 1986). (Corporation which has been involuntarily dissolved and then reinstated within three-year period allowed under section 607.297(3) may pursue a cause of action accruing after dissolution and before reinstatement.)
Additionally, appellants allege that the trial court erred in denying their motion to dismiss for failure of the plaintiff, a non-resident corporation, to post a cost bond pursuant to section 57.011, Florida Statutes.
The fact that plaintiff registered with the Secretary of State to do business in Florida does not obviate the necessity of compliance with the statute. See 1964 Op.Att'y. Gen.Fla. 064-179 (Dec. 15, 1964). However, there is insufficient basis in the record presented for this court to conclude that the trial judge abused his discretion. Cf. Thompson v. Grosslaub, 109 Fla. 550, 147 So. 861, (Fla. 1933) (trial court did not abuse discretion in denying motion to dismiss action for failure to timely post a cost bond, where bond was in fact actually posted); Waxman v. Schwarz, 458 So.2d 72 (Fla. 3d DCA 1984) (trial court abused discretion in dismissing action for failure to timely post bond, where non-resident tardily offers to post bond and face of complaint demonstrates sufficient assets for recovery of costs). Therefore, the final judgment of foreclosure is affirmed.
LETTS and GLICKSTEIN, JJ., concur.