629 So.2d 196 (1993)
Gay STOEFFLER, Appellant/Cross Appellee,
v.
Paul CASTAGLIOLA and Riden Associates Services Corp., a dissolved Florida corporation, f/k/a Riden & Goldstein, P.A. f/k/a Riden, Watson & Goldstein, P.A., Appellees/Cross Appellants.
No. 92-04274.
District Court of Appeal of Florida, Second District.
November 10, 1993.
Rehearing Denied December 14, 1993.
*197 Thomas E. Reynolds of the Law Offices of Edward D. Foreman, P.A., St. Petersburg, for appellant/cross appellee.
Mark P. Buell and Raymond T. Elligett, Jr. of Schropp, Buell & Elligett, P.A., Tampa, for appellees/cross appellants.
PARKER, Judge.
Gay Stoeffler appeals a nonfinal order quashing service on Paul Castagliola and dismissing him as a defendant in a legal malpractice case. The codefendant, Riden Associates Services Corporation (Riden I), a dissolved corporation, appeals the portion of the nonfinal order denying the motion of Riden I to quash service of process on Riden I. We affirm the trial court's order which quashed service on Castagliola; however, we reverse the dismissal of Castagliola. Further, we conclude that the trial court erred by not quashing the service on Riden I and, accordingly, remand for further proceedings.
The record supports that Stoeffler failed to serve both Castagliola and Riden I properly. At the time of the attempted service of process, Castagliola, a former employee of Riden I, was employed by Riden, Earle, & Kiefner, P.A., (Riden II), a different corporation. Stoeffler attempted to serve both Riden I and Castagliola by serving the business manager at the offices of Riden II. First, service on the business manager does not satisfy the requirements for obtaining personal service on an individual pursuant to section 48.031, Florida Statutes (1991).[1] The record does not support that Castagliola waived personal service, that he tried to evade service, nor that he gave anyone authority to accept process for him. See Hauser v. Schiff, 341 So.2d 531 (Fla. 3d DCA *198 1977). Therefore, the trial court did not err in quashing service of process on Castagliola.
As to Stoeffler's attempted service of process on Riden I, section 48.101, Florida Statutes (1991)[2] specifically directs that service of process upon a dissolved corporation "shall" be made upon one or more of the directors as trustees of the dissolved corporation. Stoeffler argues that pursuant to section 607.1405(2)(g)[3] service can be made upon the registered agent of a dissolved corporation because the dissolution does not terminate the authority of the registered agent. Chapter 607 does not address specifically how process should be made on a dissolved corporation; whereas, section 48.101 does provide for that occurrence. Because section 48.101 is the specific statute governing process, it controls the method to be utilized to serve a dissolved corporation. See Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 251 (Fla. 1987). Additionally, in East Auto Supply Company, Inc. v. Anchor Mortgage Services, Inc., 502 So.2d 976 (Fla. 4th DCA 1987), the Fourth District held that it was not error to serve the registered agent of a corporation while it was temporarily dissolved because once reinstated the corporation was deemed to have continued without interruption. It can be inferred that if the corporation had not been reinstated that service would have been invalid. Accordingly, we conclude that the service on Riden I was invalid.
Even though service of process against both Castagliola and Riden I was invalid, the action against both should remain pending because service, although invalid, was made within the 120-day limit pursuant to Florida Rule of Civil Procedure 1.070(j). In Payette v. Clark, 559 So.2d 630, 633 (Fla. 2d DCA 1990), this court held that "[w]hen an invalid method of service is used, the proper procedure is to quash the service and permit the action to remain pending." In this case, the first attempt at service was made within the 120-day limit. Accordingly, the trial court erred in dismissing the action against Castagliola.
We affirm the quashing of service on Castagliola and direct the trial court to quash the service on Riden I. Further, we reverse the dismissal of Castagliola and remand this case for further proceedings.
DANAHY, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Section 48.031(1) and (2)(a), (b) provide:

Service of process generally; service of witness subpoenas. 
(1) Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.
(2)(a) Substitute service may be made on the spouse of the person to be served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling.
(b) Substitute service may be made on an individual doing business as a sole proprietorship at his place of business, during regular business hours, by serving the manager of the business if one or more attempts to serve the owner have been made at the place of business.
[2] Section 48.101 provides:

Service on dissolved corporations. 
Process against the directors of any corporation which is dissolved as trustees of the dissolved corporation shall be served on one or more of the directors of the dissolved corporation as trustees thereof and binds all of the directors of the dissolved corporation as trustees thereof.
[3] Section 607.1405(2)(g) provides, in part,

Effect of dissolution 
... .
(2) Dissolution of a corporation does not:
... .
(g) Terminate the authority of the registered agent of the corporation.