666 So.2d 279 (1996)
POLK COUNTY RAND INVESTMENTS, INC., a Florida Corporation, Appellant,
v.
STATE OF Florida, DEPARTMENT OF LEGAL AFFAIRS, et al., Appellees.
No. 94-04504.
District Court of Appeal of Florida, Second District.
January 19, 1996.
Judith J. Flanders and Robert M. Brush of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, for Appellant.
Jacqueline H. Dowd and Diana K. Bock, Assistant Attorneys General, Orlando, for Appellee, State of Florida, Department of Legal Affairs.
SCHOONOVER, Acting Chief Judge.
The appellant, Polk County Rand Investments, Inc., formerly known as Rand Investments, Inc., a Florida corporation, challenges a final judgment and subsequent order of payment entered in favor of the appellee, State of Florida, Department of Legal Affairs. We find that the trial court erred by not granting the appellant's motion for relief from judgment and, accordingly, reverse.
The appellant was administratively dissolved by the Florida Department of State on October 9, 1992, because it failed to maintain a registered office and a registered agent as required by law.
Subsequent to the dissolution, the appellee filed an action against the dissolved corporation in Polk County, Florida. The first count of the two count amended complaint alleged that the appellant failed to maintain a registered office and a registered agent as required and sought to charge the appellant $500 for each of the two years it had not complied with the law. The appellee also sought to have the court order the appellant to designate a registered agent and registered office. The second count of the amended complaint sought to have the corporation judicially dissolved for violation of section 607.1430, Florida Statutes (1991). The appellee also requested the court to impose a *280 civil penalty of $1000 per day if the appellant did not, within a reasonable time, comply with the order requiring designation of a resident agent and registered office.
Although the record is not clear, it supports a finding that process was served upon the person that was resident agent of the corporation before it was administratively dissolved for not having a registered agent. The complaint, or amended complaint, was not forwarded to anyone by the person receiving it, and the clerk subsequently, at the request of the appellee, entered a default against the appellant.
On June 2, 1993, without notice to the appellant, a default judgment was entered. The judgment required the appellant to pay $1000 to the appellee because of its failure to maintain a registered agent and registered office. The appellant was also ordered to designate and maintain a registered agent and registered office and the judgment provided that it would be liable to the appellee in the amount of $1000 per day for each day it did not do so after July 1, 1993.
In November 1993, the appellant's attorney, while in the process of helping the appellant refinance a loan on certain real estate owned by the corporation, discovered that the appellee had filed a lis pendens on the property. The appellee was contacted immediately and the parties agreed to suspend additional daily fines while the parties attempted to settle the matter amicably. The matter could not be settled and after the appellant took the necessary steps to reinstate the corporation, it filed a motion for relief from judgment. The appellee then filed a motion requesting an order imposing a $132,000 fine for 132 days of the period that the appellant delayed in naming a registered agent and registered office.
The appellant's motion for relief from judgment alleged that it was entitled to relief from the default judgment on the grounds of mistake, inadvertence, surprise, excusable neglect, and because the judgment was void in that proper service of process was never obtained or that there was insufficient service of process.
The appellant's motion as well as a motion for rehearing was denied. As a result, the trial court entered an order entitled Order of Rehearing and Final Judgment where the court found that service of process upon the appellant's former registered agent was proper, denied appellant's motion for relief from judgment, and ordered the appellant to pay the appellee $132,000. The appellant filed a timely notice of appeal.
The appellant contends that its motion for relief from judgment should have been granted because the judgment entered against it was void at the time it was entered and remained void after the corporation was reinstated. We agree.
Florida corporations, including dissolved corporations, are governed by chapter 607, Florida Statutes (1991). Section 607.0504(1), Florida Statutes (1991), provides that corporations may have process served upon them in accordance with chapter 48 or chapter 49, Florida Statutes (1991). At the time the appellee commenced its action against the appellant and when service of process was attempted, the appellant was a dissolved corporation, and therefore, personal service of process had to be accomplished pursuant to section 48.101, Florida Statutes (1991). This section requires process to be served on one or more of the directors of a dissolved corporation as trustees thereof. Because the appellant was not served pursuant to the requirements of section 48.101, but instead process was served upon a former registered agent, the service was invalid and the judgment based upon that service was void. Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993), rev. denied, 639 So.2d 976 (Fla. 1994). We realize that section 607.1405(2)(g), Florida Statutes (1991), provides that dissolution of a corporation does not terminate the authority of the registered agent. However, since section 48.101 is specific and provides the only method by which process can be personally served on a dissolved corporation, section 607.1405(2)(g) does not make service on the registered agent valid as it would if the corporation had not been dissolved.
In the case of East Auto Supply Co., Inc. v. Anchor Mortgage Servs., Inc., 502 So.2d 976 *281 (Fla. 4th DCA 1987), our sister court held that since a reinstated corporation is treated as though it had never been dissolved, service upon a registered agent of a dissolved corporation is validated when a dissolved corporation is reinstated. In this case the appellant was not reinstated until after the void judgment was entered. At least to the extent that the holding in East Auto can be interpreted to mean that reinstatement after the entry of a void judgment can validate that judgment we disagree with our sister court. The judgment was void when entered and the fact that the appellant had to seek reinstatement in order to file a motion for relief from that judgment did not breathe life into it. See Gotshall v. Taylor, 196 So.2d 479 (Fla. 4th DCA), cert. denied, 201 So.2d 558 (Fla. 1967). See also Falkner v. Amerifirst Fed. Sav. & Loan Ass'n, 489 So.2d 758 (Fla. 3d DCA 1986).
We do not know why the corporation was dissolved in the East Auto case. It could have been dissolved for various reasons. § 607.1420. In the instant case, the corporation was dissolved because it failed to have a registered agent or registered office. It would be inappropriate to allow the appellee to administratively dissolve the appellant for not having a registered agent, then file an action seeking a $1000 per day penalty for not having a registered agent and obtain jurisdiction over the appellant by serving process on the same person they say does not legally exist.
We, accordingly, hold that the judgment against the appellant was void at the time it was entered, remained void, and the trial court erred by not granting the appellant's motion for relief from judgment. We reverse and remand for proceedings consistent herewith.
Reversed and remanded.
FULMER and QUINCE, JJ., concur.