703 So.2d 1226 (1998)
Lawrence R. LISZKA, Jr., Appellant,
v.
SILVERADO STEAK & SEAFOOD CO., INC., Appellee.
No. 97-633.
District Court of Appeal of Florida, Fifth District.
January 2, 1998.
*1227 A. Clifton Black, Kissimmee, and James E. Taylor, Orlando, for Appellant.
J. Rodney Runyons of Murphy & Runyons, Clearwater, for Appellee.
GOSHORN, Judge.
Lawrence Liszka, Jr. appeals the order quashing service of process on Silverado Steak & Seafood Company, a dissolved corporation, and setting aside the final judgment entered in the action. The basis for quashing service of process was the trial court's determination that because Liszka had served the registered agent of the dissolved corporation instead of a director of the corporation, service was void. Liszka contends the trial court was incorrect in construing section 48.101 as the sole and exclusive method of effecting service on a dissolved corporation. We agree and reverse.
On August 26, 1994, Silverado was administratively dissolved for failure to file its annual report and pay the fee. Liszka filed his negligence action against Silverado on August 31, 1994. To effect service of process, Liszka served the registered agent for Silverado on September 20, 1994. Ten days later, Silverado filed a suggestion of bankruptcy in Liszka's suit, notifying Liszka that it had filed a petition for chapter 7 bankruptcy on July 29, 1994. Liszka obtained an order from the bankruptcy court lifting the stay and allowing him to proceed against Silverado. Neither Silverado nor the bankruptcy trustee opposed the motion to lift the stay.
On August 30, 1996, Liszka filed an amended motion for default against Silverado on the basis that Silverado had failed to file any responsive pleadings. Liszka gave notice of the hearing on the default motion to both the registered agent and Silverado's attorney. The court entered the default on September 17, 1996. The same day, Liszka served notice of the damage trial, again giving notice to the registered agent and Silverado's attorney. The court entered its order setting trial with notice to the same two persons. The damage trial was held November 7, and the court found a total of $1,084,364 in damages. Final judgment was entered accordingly that date.
Silverado moved for relief from judgment on December 16 and ten days later filed an amended motion for relief along with a motion to quash service of process. After hearing, the court found that Liszka had failed to comply with the service of process requirements of section 48.101 "that expressly provides for the manner in which service of process is to be accomplished on a dissolved Florida corporation." The court quashed service of process and vacated the final judgment in Liszka's favor.
Section 48.101, Florida Statutes (1993) provides:
48.101 Service on dissolved corporations.Process against the directors of any corporation which is dissolved as trustees of the dissolved corporation shall be served on one or more of the directors of the dissolved corporation as trustees thereof and binds all of the directors of the dissolved corporation as trustees thereof.
Liszka correctly contends that prior to the 1989 overhaul of the corporations chapter by Chapter 89-154, Laws of Florida, there was a reason for requiring service solely on a director as trustee of the dissolved corporation: upon dissolution, title to all property of the corporation was transferred to the directors as statutory trustees for the shareholders and creditors of the dissolved corporation. § 607.301, Fla. Stat. (1987).[1] The directors, as trustees, had the duty of accepting suit on behalf of the corporation. See Gould v. *1228 Brick, 358 F.2d 437, 439 (5th Cir.1966) ("[I]n Florida the statutory trustees take title to corporate property upon the dissolution of the corporation, and are charged with the fiduciary duties imposed upon them by the statutes, with the right to sue and subject to being sued, Trueman Fertilizer Co. v. Allison, Fla., 81 So.2d 734."). Because the directors, as trustees, held title to the property of the dissolved corporation and were subject to being sued, it was only logical that the process statute provide the manner in which those directors, as trustees, should be served. Section 48.101 did that.
With the 1989 overhaul of the corporations chapter, however, the necessity of providing for service on the directors, as trustees, was abrogated. Chapter 89-154, Laws of Florida, currently codified at sections 607.1405 and 607.1421, Florida Statutes (1995), changed the substantive law applicable to dissolved corporations. Section 607.1405, Florida Statutes (1995), "Effect of dissolution," provides in pertinent part:
(1) A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, ....
(2) Dissolution of a corporation does not:

(a) Transfer title to the corporation's property;
* * * * * *
(e) Prevent commencement of a proceeding by or against the corporation in its corporate name;
* * * * * *
(g) Terminate the authority of the registered agent of the corporation.

(Emphasis added). Similarly, section 607.1421, Florida Statutes (1995), "Procedure for and effect of administrative dissolution," provides in pertinent part:
(3) A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under s. 607.1405 and notify claimants under s. 607.1406.
* * * * * *
(5) The administrative dissolution of a corporation does not terminate the authority of its registered agent.

(Emphasis added).
In contrast to the procedure under the 1987 version of the law, now a dissolved corporation continues in existence, albeit for a limited purpose, its assets stay in its name, it can sue and be sued in its own name, and, most importantly for purposes of this appeal, the authority of its registered agent continues. A registered agent's authority includes the authority to accept service of process for its corporation. §§ 48.081(3) and 48.091, Fla. Stat. (1995). To continue requiring service of process on the directors, as trustees of the dissolved corporation, as the sole means of serving a dissolved corporation would be to ignore the legislative amendments of 1989. We hold that process on a dissolved corporation may properly be made on the registered agent thereof. Accordingly, we conclude that the trial court erred in finding the service of process void because of Liszka's service on the registered agent.[2]
Because of its ruling, the trial court did not consider the remaining grounds Silverado asserted in its amended motion for relief from judgment, which grounds include Silverado's assertion that it was protected by the bankruptcy laws from service of process. Upon remand, the trial court should consider these arguments.
REVERSED and REMANDED for further proceedings.
PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Section 607.301, Florida Statutes (1987) provided in part, "The directors of the corporation at the time of its dissolution shall thereafter be and constitute a board of trustees for any property owned or acquired by the dissolved corporation."
[2] In so holding, we recognize and certify conflict with Polk County Rand Investments, Inc. v. State, Department of Legal Affairs, 666 So.2d 279 (Fla. 2d DCA 1996) (service on former registered agent of dissolved corporation is invalid; process must be served on one or more of the directors as trustees) and Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993) (holding that because section 48.101 is the specific statute governing process on a dissolved corporation, service must be made on one or more of the directors and may not be made on the registered agent), rev. denied, 639 So.2d 976 (Fla.1994).