719 So.2d 937 (1998)
Kevin Julian WONG, Appellant,
v.
GONZALEZ & KENNEDY, INC., Appellee.
No. 97-4116.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
Philip M. Burlington of Caruso, Burlington, Bohn & Compiani, West Palm Beach, and W. Jeffrey Barnes of J. Barnes & Associates, P.A., Fort Lauderdale, for appellant.
Steven E. Stark of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellee.
PER CURIAM.
Kevin Julian Wong appeals a non-final order granting the motion of defendant Gonzalez & Kennedy, Inc. (G & K) for relief from judgment and the order vacating his final judgment against G & K and quashing service of process made upon G & K's registered agent in November 1994, after G & K was administratively dissolved in August 1994. We reverse.
G & K's registered agent did not resign as such until approximately six months after being served, and the record reflects that although no one ever responded on behalf of G & K until after entry of the final judgment, Appellant continued to serve the registered agent with notices pertaining to the litigation. Prior to trial on the issue of damages, he served notice on the last surviving director of the dissolved corporation.
G & K's motion for relief alleged no lack of notice of the lawsuit, but claimed only that service on the registered agent was invalid because not in compliance with section 48.101, Florida Statutes (1993), and that the judgment therefore was void. It relied upon two opinions of the Second District, Polk County Rand Investments v. State Department of Legal Affairs, 666 So.2d 279 (Fla. 2d DCA 1996), and Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993), rev. denied, 639 So.2d 976 (Fla.1994), both holding service on one or more directors to be the exclusive means of service on a dissolved corporation. There, the Second District considered and rejected arguments based on the 1989 overhaul of the Florida Business Corporation Act, effective on July 1, 1990,[1] which changed the law to provide that a dissolved corporation continues to retain title to its property, and that the authority of the dissolved corporation's registered agent does not terminate, see § 607.1405(1)(a) & (g), 607.1421(5), Fla. *938 Stat. (1989). The trial court granted the motion.
In 1994, section 48.101 still provided for service of process on the directors of a dissolved corporation as trustees. See § 48.101, Fla. Stat. (1993). However, even under the prior business law, which provided that the directors of a corporation at the time of dissolution became trustees of any property owned or acquired by the corporation, see § 607.301, Fla. Stat. (1989), this court had questioned whether the provision for service on the directors of a dissolved corporation as trustees was the exclusive means of service on a dissolved corporation. See East Auto Supply Co. v. Anchor Mortgage Servs., Inc., 502 So.2d 976 (Fla. 4th DCA 1987).
Regardless of whether such service was the exclusive method under prior law, we agree with the Fifth District's recent interpretation of the law after the revision to the business corporation act, as announced in Liszka v. Silverado Steak & Seafood Co., 703 So.2d 1226 (Fla. 5th DCA 1998), an opinion which was not issued until after the trial court had ruled in the instant case. There the court recognized that "[t]o continue requiring service of process on the directors, as trustees of the dissolved corporation, as the sole means of serving a dissolved corporation would be to ignore the legislative amendments of 1989" and held that service on the registered agent of a dissolved corporation was valid.
In 1997, the legislature amended section 48.101, which now provides as follows:
Process against the directors of any corporation which was dissolved before July 1, 1990, as trustees of the dissolved corporation shall be served on one or more of the directors of the dissolved corporation as trustees thereof and binds all of the directors of the dissolved corporation as trustees thereof. Process against any other dissolved corporation shall be served in accordance with s. 48.081.

§ 48.101, Fla. Stat. (1997) (emphasis added). The amendment was described as "clarifying service of process on certain corporations." Ch. 97-230, at 3986, Laws of Fla. (emphasis added). Thus, although the amendment did not become effective until May 30, 1997, see Ch. 97-230, § 8, at 3990, Laws of Fla., we believe that the legislature merely clarified what the law had been, at least from the time the 1989 revision to the Business Corporation Act became effective. See generally State ex rel. Szabo Food Servs., Inc. of N.C. v. Dickinson, 286 So.2d 529, 531 (Fla.1973) ("The mere change of language does not necessarily indicate an intent to change the law for the intent may be to clarify what was doubtful and to safeguard against misapprehension as to existing law.") (citation omitted).
Therefore, we reverse the trial court's order granting the motion for relief from judgment and the order vacating the final judgment and direct the trial court on remand to reinstate the final judgment. As did the Fifth District in Liszka, we certify conflict with Polk County and Stoeffler.
GROSS and TAYLOR, JJ., and GLICKSTEIN, HUGH S., Senior Judge, concur.
NOTES
[1] See Ch. 89-154, § 168, at 533, Laws of Fla.