737 So.2d 1129 (1999)
AUTO-OWNERS INSURANCE COMPANY, Appellant,
v.
Jeffrey CANNELLA and Joanne Cannella, Appellees.
No. 98-01663.
District Court of Appeal of Florida, Second District.
June 4, 1999.
A. Wade James, St. Petersburg, for Appellant.
Roy C. Skelton, Clearwater, for Appellees.
SALCINES, Judge.
Auto-Owners Insurance Company appeals the partial final judgment awarding money damages in favor of Jeffrey Cannella and Joanne Cannella. This court has jurisdiction to consider the propriety of the partial final judgment pursuant to Florida Rule of Appellate Procedure 9.110(k). We reverse.
The lengthy procedural history of this case has spanned almost ten years and involved two separate lawsuits which are germane to this appeal. The underlying lawsuit included a claim by the Cannellas for personal injuries allegedly incurred as a result of the negligence of Mock Plumbing Contractor, Inc., Auto-Owners' insured. The Cannellas obtained a default *1130 judgment against Mock Plumbing; however, both at the time of service of process and the time of the entry of the default judgment, Mock Plumbing was a dissolved corporation.
Mock Plumbing assigned its rights to any claims it had against its insurer, Auto Owners, to the Cannellas. The Cannellas then filed a lawsuit against Auto-Owners and its claims adjuster for breach of contract for failure to provide a legal defense, negligence as to the individual claims adjuster, breach of a contract for which the Cannellas claimed rights as third-party beneficiaries, and bad faith. The third count, involving their third-party beneficiary claim, is the only count pertinent to this appeal. In that count, the Cannellas maintained that after obtaining a default judgment against Mock Plumbing, Auto-Owners had breached its policy by refusing to pay the prior default judgment up to the policy limits, and that they were the third-party beneficiaries of the insurance policy.
Auto-Owners answered the complaint denying that it was in breach and asserting various affirmative defenses. Thereafter, Auto-Owners filed numerous motions to set aside the earlier default judgment the Cannellas had obtained on several grounds including that it had been procured against a dissolved corporation over which service had not been perfected, and that the judgment was, thus, void, voidable, or otherwise unenforceable. Auto-Owners' motions were denied, the Cannellas successfully obtained a partial final judgment against Auto-Owners on the third count, and damages were imposed up to the policy limits.
A judgment entered without valid service is void for lack of personal jurisdiction and can be collaterally challenged. See Great American Ins. Co. v. Bevis, 652 So.2d 382 (Fla. 2d DCA 1995). Interpreting the same statutory provision applicable to the present case, section 48.101, Florida Statutes (1991), this court has held that service of process on a dissolved corporation must be made on one or more directors of the corporation as trustee. See Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993); Polk County Rand Invs., Inc. v. State Dep't of Legal Affairs, 666 So.2d 279 (Fla. 2d DCA 1996). Our sister districts, however, have disagreed with this court's interpretation of the statute. See Liszka v. Silverado Steak & Seafood Co., 703 So.2d 1226 (Fla. 5th DCA 1998); Wong v. Gonzalez & Kennedy, Inc., 719 So.2d 937 (Fla. 4th DCA 1998), review granted, 727 So.2d 905 (Fla.1999). Pursuant to this court's precedent, service of process was improperly made upon the registered agent of the dissolved corporation in the present case, thereby rendering the judgment void. See Polk County, 666 So.2d at 280. Consequently, the trial court erred when it refused to set aside the default judgment and entered a partial final judgment in misplaced reliance upon that prior void judgment.
Reversed and remanded for further proceedings.
FULMER, A.C.J., and NORTHCUTT, J., Concur.