801 So.2d 94 (2001)
Jeffrey CANNELLA and Joanne Cannella, Petitioners,
v.
AUTO-OWNERS INSURANCE COMPANY, Respondent.
No. SC95954.
Supreme Court of Florida.
November 15, 2001.
*95 Roy C. Skelton, Clearwater, FL, for Petitioners.
A. Wade James, St. Petersburg, FL, for Respondent.
PER CURIAM.
Upon consideration of the petitioners' motion for rehearing, rehearing is granted. The opinion issued in this case on July 13, 2000, is withdrawn, and the following opinion is substituted in its place.
We have for review Auto-Owners Insurance Co. v. Cannella, 737 So.2d 1129 (Fla. 2d DCA 1999), which expressly and directly conflicts with the opinions in Liszka v. Silverado Steak & Seafood Co., 703 So.2d 1226 (Fla. 5th DCA 1998), and Wong v. *96 Gonzalez & Kennedy, Inc., 719 So.2d 937 (Fla. 4th DCA 1998), review dismissed, 743 So.2d 508 (Fla.1999) (case voluntarily dismissed). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed herein, we quash the decision of the Second District below.
Jeffrey and Joanne Cannella (the Cannellas) initiated an action against Mock Plumbing Contractor, Inc. (Mock) seeking the recovery of damages for personal injuries resulting from the negligence of Mock. Mock was insured at the time of the injuries by Auto-Owners Insurance Company (Auto-Owners) under a commercial general liability insurance policy. In the Cannellas' first legal action, service of process was accomplished on June 3, 1992, by personal service upon Monica Mock, who was the only person listed in the state records for Mock, and she was also listed as being the registered agent of Mock. The Cannellas obtained a default against Mock, which, at the time of service of process, had been an administratively dissolved corporation since October 1991. The Cannellas proceeded to trial and a judgment against Mock was entered in June 1995. Thereafter, Mock assigned to the Cannellas all rights it had against Auto-Owners.
The Cannellas then filed this separate legal action against Auto-Owners, alleging in the third count of their complaint that Auto-Owners had breached its policy of insurance by refusing to pay the prior underlying judgment entered in the action against Mock up to the policy limit and that the Cannellas were the third-party beneficiaries of the insurance contract. Auto-Owners denied that it was in breach and filed a motion in its own name in this case to set aside the earlier underlying judgment which had been entered in the prior separate action. Among the grounds alleged in the motion by Auto-Owners were two separate assertions that the judgment had been procured against a dissolved corporation for which service had not been properly perfected and that the judgment was void, voidable, or otherwise unenforceable. The trial court here denied Auto-Owners' motion to set aside the judgment which had been entered in a different case and entered a partial summary judgment against Auto-Owners in this action. Damages were awarded in this action against Auto-Owners up to the limit of its insurance contract. A motion in the name of Mock to set aside the judgment was filed in the separate case in which that judgment had been entered, and it was stricken. This record does not reflect whether such order was ever subject to appellate review.
On appeal, the Second District Court of Appeal reversed the judgment against Auto Owners, relying on Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993), and Polk County Rand Investments, Inc. v. State Department of Legal Affairs, 666 So.2d 279 (Fla. 2d DCA 1996). See Auto-Owners, 737 So.2d at 1130. The district court held that, pursuant to section 48.101, Florida Statutes (1991), service of process on a dissolved corporation may only be made on one or more directors of the dissolved corporation as trustee rather than on the corporation's registered agent. Id. Accordingly, the district court declared the judgment entered in the prior action void and reversed and remanded for further proceedings. Id. The Second District recognized conflict with Liszka and Wong. Petitioners sought review in this Court, and we granted review based on conflict with the Fifth District's decision in Liszka and the Fourth District's decision in Wong.
The Cannellas argue, in part, that, under the facts of this case, to continue requiring service of process upon the directors as trustees of a dissolved corporation as the exclusive method of serving a *97 dissolved corporation would be to ignore the legislative intent of the 1989 amendments to chapter 607, Florida Statutes, known as the Florida Business Corporation Act (Corporation Act). Petitioners contend that the 1997 Legislature clarified its intent as to dissolved corporations when it amended section 48.101, Florida Statutes, and that the intent, beginning with the 1989 amendments to the Corporation Act, was to allow service on registered agents of dissolved corporations. Auto-Owners responds that, at the time of the attempted service in this case, section 48.101 expressly required that service of process on a dissolved corporation be made only upon a director as trustee, and there should be no finding of repeal of that provision by implication.
Prior to amendment in 1997, section 48.101, Florida Statutes (1991), provided:
Service on dissolved corporation. Process against the directors of any corporation which is dissolved as trustees of the dissolved corporation shall be served on one or more of the directors of the dissolved corporation as trustees thereof and binds all of the directors of the dissolved corporation as trustees thereof.
Following the 1997 amendment, section 48.101 now provides:
Service on dissolved corporations. Process against the directors of any corporation which was dissolved before July 1, 1990, as trustees of the dissolved corporation shall be served on one or more of the directors of the dissolved corporation as trustees thereof and binds all of the directors of the dissolved corporation as trustees thereof. Process against any other dissolved corporation shall be served in accordance with s. 48.081.
§ 48.101, Fla. Stat. (2000).[1]
In reply to this argument, the Cannellas rely upon section 607.1405(2)(g), Florida Statutes (1991), which, at the time of the service in this case, provided that "[d]issolution of a corporation does not ... [t]erminate the authority of the registered agent of the corporation," in urging this Court to adopt the analysis of the Fifth District in Liszka, 703 So.2d at 1228 (interpreting the law after the 1989 revision to the business corporation act as permitting process on a dissolved corporation to be made on the registered agent thereof).[2]See also Wong, 719 So.2d at 938 (agreeing with the Fifth District's analysis in Liszka).[3] *98 However, as the Second District held in Stoeffler, chapter 48, rather than chapter 607, is the Florida statute which expressly mandates the method by which service is to be perfected.
On June 3, 1992, the date of service in this case, section 48.101 contained an express statement that service upon a dissolved corporation was to be upon a director as trustee, but contained no express statement that service could be made upon the corporation's registered agent. Nor did chapter 607 contain any provision that expressly addressed service of process; therefore, section 607.1405(2)(g) could not control the method of such service in this case.
Moreover, we find that the 1989 amendments to section 607.1405 did not repeal by implication the express requirements of section 48.101. Here, the strict conditions of repeal by implication that this Court set forth in Palm Harbor Special Fire Control District v. Kelly, 516 So.2d 249 (Fla.1987), have not been met.[4]
However, while the Second District correctly stated, then, that service of process must be effected on a director of the dissolved corporation, it incorrectly proceeded to assume that this had not, in fact, occurred here. The 1990 Annual Report reflects that the effective date of incorporation of Mock Plumbing Contractor, Inc., was January 16, 1989. Monica L. Mock was the only person listed in the document as acting in any capacity for Mock Plumbing Contractor, Inc.
There was only one annual report filed prior to Mock's dissolution. To incorporate, Mock was required to have a director, and the corporation's annual report, which was filed on July 16, 1990, made no changes to Mock's board of directors, and listed Monica Mock as president of the corporation and the only person involved with Mock. No other person was ever disclosed in the document filed with the State.
Thereafter, on December 4, 1990, Mock filed for bankruptcy. The corporation was administratively dissolved on October 11, 1991, for failure to file an annual report for 1991. Any citizen checking the records of the State of Florida concerning Mock would have found that Monica Mock was the only person ever listed for Mock for any legal purposes. Monica Mock was the only person listed on the 1990 Annual Report in the location designated for listing officers and directors, or listing any change of directors. Additionally, Mock remained continuously in bankruptcy until discharge was entered on October 24, 1991. The bankruptcy court documents filed in this record indicated Mock had no assets. Neither this action nor the claim of the Cannellas was listed as a claim in the bankruptcy proceedings.
The accident which created the cause of action in this case occurred on October 23, *99 1989, approximately ten months after Mock's incorporation. At that time, and at all times thereafter, Monica Mock was the only person ever listed with the State of Florida for any position with Mock. In 1992, section 607.1405(5), Florida Statutes, would have permitted the appointment of a trustee, but only for "any property owned or acquired by the corporation." However, on June 3, 1992, when Monica Mock, the only person listed with the State of Florida for legal purposes for Mock, was personally served with process, Mock had been dissolved and had passed through the bankruptcy process without assets. In a short deposition filed in this case, Monica Mock disavowed knowledge of the corporation's activities. Later, she executed an affidavit (filed by the respondent insurance company herein) in which she stated that Mock had no directors from July of 1990 until it filed for bankruptcy in December of that same year, and that none were appointed after the corporation went into bankruptcy.
However, the relevant statutory provisions in effect at that time did not provide for any person other than Monica Mock to be served on behalf of the dissolved corporation. Section 607.1622, Florida Statutes (1991), required the corporation to file an annual report setting forth the names and addresses of the corporation, directors, and principal officers. Here, Mock listed only Monica Mock in its only filed annual report. Section 607.0801(3), Florida Statutes (1991), provided that a corporation having thirty-five or fewer shareholders "may dispense with or limit the authority of a board of directors by describing in its articles of incorporation who will perform some or all of the duties of a board of directors." Here, however, there is no evidence that the articles of incorporation listed anyone other than Monica L. Mock as the only person ever involved with the corporation.
The purported "no director/no service" theory advanced by Auto-Owners attempts to thrust Mock into a veritable "unservable" limbo status after Mock inflicted injuries on a Florida citizen. This position is not supported by the corporate documents filed with the State of Florida, nor is it consistent with logic, common sense, or Florida's scheme for corporate operation. A corporation is required to have a director and, if not, director responsibilities are placed on those performing director functions. See § 607.0801, Fla. Stat. (1991); In re Holiday Isles, Ltd., 29 B.R. 827, 829 (Bankr.S.D.Fla.1983) (recognizing that a person exercising the duties of a director of a corporation who has not been elected as a director is treated by courts as a de facto director who is subject to all duties and liabilities of a de jure director) (citing Harry G. Henn, Handbook of the Law of Corporations and Other Business Enterprises §§ 206, 222 (2d ed.1970); 19 Am.Jur.2d, Corporations, §§ 1100-1104 (1965)); see also § 607.0732(5) (2001) (current statutory provision which provides for imposition of director responsibilities upon those performing director functions under certain circumstances). Directors may resign but, despite the expiration of the director's term, responsibilities continue until a successor is qualified or a change in director structure occurs. See, e.g., §§ 607.0801; 607.0805(5), Fla. Stat. (1991). Thus, no matter what legal or factual theory or technical device may be suggested, all paths for service of process led straight to Monica Mock, the only person ever listed in any public corporate document filed with the State of Florida as having anything to do with the corporation. The fact that the papers with which she was served listed her as a "registered agent" rather than as a "director" of the corporation did not render service of process in this case *100 wholly ineffective and void. Rather, the service, if defective, was merely voidable (not void), because it still provided the corporation actual noticeby providing such notice to the only person ever listed by the corporation with the State of Florida for legal purposesof the action filed against it.
In Decker v. Kaplus, 763 So.2d 1229 (Fla. 5th DCA 2000), the Fifth District Court of Appeal, in affirming an order refusing to set aside a two and one-half year old judgment entered against the defendants after default, addressed a similar issue. There, the Deckers had contended that, because the service of process on them was defective, the default judgment was void as a matter of law. The Fifth District disagreed:
Although the service upon the Deckers was defective because the process server was not qualified under the former version of section 48.27 or section 48.021(3), Florida Statute[s] (1996), it was not void. In State ex rel. Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, 652 (1936), the supreme court explained:
A distinction is to be noted between a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him. The former confers no jurisdiction of the person by the court, but the latter or defective service of process, on the contrary, confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked.
(citations omitted). See also Nussbaum v. Cooke, 709 So.2d 621 (Fla. 4th DCA 1998); Paleias v. Wang, 632 So.2d 1132 (Fla. 4th DCA 1994) (Klein, J., concurring specially).
The Deckers['] service was irregular, but conveyed actual notice of the lawsuit against them. The final judgment was rendered voidable by the irregular process but not void. See, e.g., Cohen v. Drucker, 677 So.2d 953 (Fla. 4th DCA 1996). In order to attack the voidable judgment, the Deckers had one year after the final judgment was entered to move to set aside the judgment pursuant to Florida Rule of Civil Procedure 1.540(b). See, e.g., Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). The Deckers failed to timely raise the issue of defective service of process and the trial court correctly denied their motion to vacate and set aside the final judgment.
763 So.2d at 1230. Here, similarly, service against the corporation, if defective, was merely voidable, not void. Because no timely challenge was made to the allegedly defective service, the trial court properly denied Auto-Owners' motions to set aside the earlier judgment which had been entered in a separate and distinct legal action.
Based upon the foregoing, we quash the decision of the Second District below, and remand for further proceedings consistent with this opinion. In so doing, we disapprove Liszka and Wong.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS, and QUINCE, JJ., concur.
NOTES
[1] Section 48.081, Florida Statutes (2000), provides for service on a corporation by serving officers of the corporation or, in their absence, any director, or in their absence, any officer or business agent residing in the state. As an alternative, process may be served on "the agent designated by the corporation under section 48.091." Id. § 48.081(3). If service cannot be made because a corporation has not designated a registered agent, service is permitted on any employee at the corporation's place of business.

Section 48.091(1), Florida Statutes (2000), provides in relevant part:
(1) Every Florida corporation and every foreign corporation now qualified or hereafter qualified to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
[2] In so holding, the Fifth District recognized and certified conflict with Polk County Rand Investments, Inc. v. State Department of Legal Affairs, 666 So.2d 279 (Fla. 2d DCA 1996) (holding that service on a former registered agent of dissolved corporation is invalid, and that process must be served on one or more of the directors as trustees), and Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993) (holding that because section 48.101 is the specific statute governing process on a dissolved corporation, service must be made on one or more of the directors and may not be made on the registered agent). Liszka, 703 So.2d at 1228.
[3] The Fourth District similarly certified conflict with Polk County Rand Investments and Stoeffler. See Wong, 719 So.2d at 938.
[4] In Palm Harbor, this Court held:

It is well settled in Florida that the courts will disfavor construing a statute as repealed by implication unless that is the only reasonable construction. The courts' obligation is to adopt an interpretation that harmonizes two related, if conflicting, statutes while giving effect to both, since the legislature is presumed to pass subsequent enactments with full awareness of all prior enactments and an intent that they remain in force.
Moreover, a statute ... covering a specific subject, is controlling over a statute ... that applies to a general class of subjects; in effect, the specific statute operates as an exception to the general.
516 So.2d at 250-51 (citations and footnote omitted).