PER CURIAM.
NTCA challenges a non-final order denying its motion to quash a third party subpoena for deposition duces tecum. We affirm.
On May 1, 2001, Associates Commercial Corporation sued Carlos de las Cagigas alleging breach of security agreement and account stated. The plaintiff was unable to serve process on Cagigas, who was concealing his whereabouts. Therefore, the plaintiff sought to subpoena NTCA Corp., d/b/a New Jersey Auto Parts, of which Cagigas was the sole officer and director, to determine Cagigas’ whereabouts. On June 26, 2001, NTCA was administratively dissolved.
On July 5, 2001, the trial court authorized the third party deposition duces te-cum of NTCA. The plaintiff served a subpoena for deposition duces tecum on NTCA’s manager Ernesto Roque in the absence of any superior or corporate officer. NTCA failed to comply with the subpoena and the plaintiff moved to compel. NTCA moved to quash the subpoena. The trial court granted the plaintiffs motion to compel and denied NTCA’s motion to quash the subpoena. NTCA appeals, claiming that the trial court lacks personal jurisdiction because NTCA was not prop *507 erly served. We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)®.
We agree with the trial court that NTCA was properly served. Prior to 1997, section 48.101, Florida Statutes (2000), which addresses service on a dissolved corporation, provided that process could be served only on a trustee director of a dissolved corporation. After the 1997 amendment, section 48.101 now provides that service on a corporation dissolved after July 1, 1990, must be made in accordance with section 48.081, Florida Statutes (2000). See Camella v. Auto-Owners, Inc., 801 So.2d 94, 97 (Fla.2001).[1] Section 48.081, in turn, provides for service of process by serving the president, vice president or head of a corporation, or in their absence, by serving the next category of persons: the cashier, treasurer, secretary or general manager. Alternatively, the registered agent can be served. See Fla. Stat. § 48.081(3); Fla. Stat. § 48.091(1). If service cannot be made because a corporation has not designated a registered agent, service is permitted on any employee at the corporation’s place of business. See Fla. Stat. § 48.081(3); Fla. Stat. § 48.091(1).
The plaintiff chose to serve process in accordance with the method prescribed in 48.081(1), rather than serve the registered agent as provided in 48.081(3). That choice was the plaintiffs to make; it was not required to serve the registered agent. Accordingly, service on the general manager, in the absence of a superior officer, was entirely proper.
AFFIRMED.

. The ultimate holding in Camella is inapplicable, however, as the date of service in that case (June 1992) preceded the 1997 amendment to section 48.101, requiring application of the pre-amendment version. See Camella, 801 So.2d at 97 & n. 1 (noting the change effected by the 1997 amendment).