SALTER, J.
 

 Katie Seymour, on behalf of her minor child, appeals a circuit court order setting aside a final judgment awarding her money damages. The child was allegedly injured while she and her mother occupied a rental apartment owned and maintained by
 
 *195
 
 the appellee, Panchita Investment, Inc. The final judgment below was based on Panchita’s failure to file any pleading or paper, a default entered by the court, and a trial by jury (in which Panchita did not participate) on damages. The judgment was set aside by the trial court upon later motion by Panchita because “both the summons and the verified return of service were defective and legally ineffectual to serve Panchita Investment, Inc. with process.”
 

 We are compelled to affirm despite our complete agreement with the appellant that this corporate defendant surely must have known that it was being sued by Ms. Seymour. We remand the case for further proceedings on the merits based on Ms. Seymour’s
 
 amended
 
 return of service dated May 11, 2009.
 
 [1]
 

 The original summons in this single-defendant case against Panchita stated that it was to be served on:
 

 Jorge Ramos 14024 NW 82 Avenue Miami Lakes, Florida 33016
 

 The summons and complaint were served on Mr. Ramos two days after the complaint was filed. Five days later, the process server filed an original return of service stating under oath that the process server “individually served the within named person,” Ramos individually. The return of service, like the summons itself, did not identify any corporate position or capacity in which Ramos was served.
 

 It is undisputed that Mr. Ramos is, and always has been, Panchita’s registered agent and sole officer and director, and that the address shown on the summons is Panchita’s principal place of business, its mailing address, and its registered agent’s and sole officer/director’s address. The caption for the lawsuit on the summons and complaint, and the allegations within the complaint, disclosed that Panchita, not Ramos, was the defendant. The issue is
 
 *196
 
 whether these facts cure the threshold deficiency in the summons and return of service regarding the identity of the defendant being served and the corporate capacity of that person.
 

 A summons properly issued and served is the method by which a court acquires jurisdiction over a defendant. A rather straightforward group of rules and statutes
 
 [2]
 
 sets out bright-line, well-tested procedures for preparation and service of the summons with the complaint. Despite those clear-cut provisions and procedures (and because lawyers and process servers are as fallible as any other group), the rules are occasionally disregarded, twisted, or tested.
 

 In this case, the summons and return of service erroneously identified Jorge Ramos personally as the individual being served. The summons and return of service did not state that the corporation (appellee, Panchita Investment, Inc.) was served, or that Ramos was only being served as a registered agent or corporate officer of a corporation. Most defendants receiving initial legal papers are not lawyers, and the persons who are to supervise the preparation and filing of those papers
 
 are
 
 ordinarily licensed to practice law. A non-lawyer receiving the summons and complaint in the record here might reasonably conclude that he or she was served erroneously. If the intention was to sue Jorge Ramos individually, the complaint fails to state that and Ramos could safely disregard the papers. If the intention was to sue Panchita, the summons fails to state that and Panchita could assume that the plaintiffs failed to specify which “person,” the individual or the corporation, they intended to sue. In this case, Panchita filed no pleading or paper in the case until it moved to vacate the final judgment after default, so no waiver argument can succeed.
 

 The case law has distinguished “void” service, which fails to confer jurisdiction over the defendant, from “irregular” service, which is voidable and “close enough” to obligate the recipient to respond (via a timely motion to quash service). Ms. Seymour’s initial attempt at service falls into the first category, a “void” attempt at service on a corporate defendant.
 

 For example, Ms. Seymour cites
 
 State ex rel. Gore v. Chillingworth,
 
 126 Fla. 645, 171 So. 649, 652 (1936), for the distinction between “a total want of service where the defendant received no notice at all” and “a service which is irregular or defective but actually gives the defendant notice of the proceedings against him,” arguing that in the present case Panchita did have notice of the proceedings against it. In
 
 State ex rel. Gore,
 
 however, the defendant was properly named in his “individual and representative capacity” in the summons; the issue was the timing of the service and the constitutionality of a “show cause” procedure for the enforcement of a mechanic’s lien. 171 So. at 651. That case did not determine whether a summons identifying and served on the wrong “person” (an individual versus a corporation) is merely voidable rather than void.
 

 In a nutshell, the question before us is whether an individual served with a summons naming him individually is charged with “notice” of (1) the contents of the complaint attached to the summons and (2) the current corporate information on file with the Division of Corporations regarding the individual’s status as a registered agent or officer with a corporation identified in the complaint. Turning to the
 
 *197
 
 more recent cases on that point, there are distinguishable because they involved subsequently-amended, inapplicable corporate service provisions specifying the order in which a process server was to attempt service. In
 
 Craven v. J.M. Fields, Inc.,
 
 226 So.2d 407 (Fla. 4th DCA 1969), for example, the then-applicable statute required the process server to establish the absence of the corporate directors before the complaint could be served on a manager at the place of business. The district court of appeal classified the service in that case as “irregular” and “voidable” rather than “void.” But in that case, there was no doubt that the corporation was the “person” being served; both the summons and the return of service stated that “J.M. Fields, Inc.,” the corporate defendant, was the entity being served.
 

 In
 
 Borden v. East-European Ins. Co.,
 
 921 So.2d 587, 591 (Fla.2006), the court states that service of process is merely a “means of notifying a party of a legal claim.” That phrase, however, is followed by a reaffirmation of case law establishing that the service of process must give notice “to the
 
 defendant
 
 in the case that he is answerable to the claim of plaintiff.”
 
 Id.
 
 (emphasis supplied). Ramos was not a defendant in Ms. Seymour’s case.
 

 Similarly, this Court’s decision in
 
 American Hospital of Miami, Inc. v. Nateman,
 
 498 So.2d 444, 445 (Fla. 3d DCA 1986), employed a broad definition of “notice” regarding a summons. In that case, John Mudd was served “as Resident Agent for American Hospital of Miami, Inc.,” and the “complaint that accompanied the summons named American, not John Mudd, as the defendant.”
 
 Id.
 
 This Court properly rejected “this hypertechnical defect in the summons” because of well-settled law that “service on a resident agent or on the head of a corporation
 
 as resident agent
 
 or as head of a corporation is service on the corporation.”
 
 Id.
 
 (emphasis supplied). In the present case, however, Ramos was served as Ramos, not “as resident agent” or as an officer of the corporate defendant, Panchita.
 

 Finally,
 
 Cannella v. Auto-Owners Ins. Co.,
 
 801 So.2d 94 (Fla.2001), does not require a different result here. The issue in that case was whether service of process on Monica Mock as registered agent
 
 [3]
 
 of a dissolved corporation (Mock Plumbing, Inc.) would suffice in view of a specific statute requiring service on a dissolved corporation to be made “on one or more directors of the corporation as trustee.” 801 So.2d at 96. The strange circumstance in that case was that the corporate records did not include the identification of any director; Ms. Mock had been listed as president and registered agent, and no other person was identified in any capacity for the corporation before or after dissolution. Our Supreme Court’s analysis, though unquestionably correct and just, has no bearing on the facts of the case presently before us:
 

 The purported “no director/no service” theory advanced by Auto-Owners attempts to thrust Mock [the dissolved corporation] into a veritable “unserva-ble” limbo status after Mock inflicted injuries on a Florida citizen. This po
 
 *198
 
 sition is not supported by the corporate documents filed with the State of Florida, nor is it consistent with logic, common sense, or Florida’s scheme for corporate operation. A corporation is required to have a director and, if not, director responsibilities are placed on those performing director functions.
 
 See § 607.0801, Fla. Stat. (1991); In re Holiday Isles, Ltd., 29 B.R. 827, 829 (Bankr.S.D.Fla.1983)
 
 (recognizing that a person exercising the duties of a director of a corporation who has not been elected as a director is treated by courts as a de facto director who is subject to all duties and liabilities of a de jure director).
 

 Canella,
 
 801 So.2d at 99 (citations omitted).
 

 In the present case, Panchita had not been dissolved, and the public records made it easy to serve Panchita properly. Ms. Seymour’s counsel and process server simply failed to follow the rules until 2009, when the amended summons was served, the amended return of service was filed, and the trial court allowed the amendment.
 

 The statutes regarding service of process on corporations “must be strictly construed and strictly complied with.”
 
 Lisa, S.A. v. Gutierrez,
 
 806 So.2d 557, 559 (Fla. 3d DCA 2002) (quoting
 
 Washington Capital Corp. v. Milandco, Ltd., Inc.,
 
 665 So.2d 375 (Fla. 4th DCA 1996)). A rule of notice allowing service on an individual as an individual to constitute service on a corporation because of a connection that is not made clear on the face of the summons is a rule susceptible to factual disputes, inviting “close enough” as in hand grenades and horseshoes. Such an approach has been specifically rejected in similar cases.
 
 [4]
 

 A further consequence of this analysis is that Panchita’s motion to vacate the judgment was well taken, and not subject to a one-year time limit, because the judgment (like the purported service) was “void” under Florida Rule of Civil Procedure 1.540(b)(4). The trial court was also correct in its ruling on this point.
 

 For these reasons, we affirm the order below and remand the case to the trial court so that Panchita may respond (based on the amended return of service approved by the trial court in 2009 and Panchita’s appearance in the case) and the injury claim may proceed,
 
 [5]
 
 better late than never.
 

 
 *199
 
 Affirmed; case remanded for further proceedings.
 

 [1]
 

 . The dates are critical in this saga.
 

 • June 30, 2002: Ms. Seymour's child was allegedly injured.
 

 • October 18, 2004: Her complaint was filed, and the initial, defective summons was issued.
 

 • October 20, 2004: Jorge Ramos, individually, was served.
 

 • October 25, 2004: The return reflecting that individual service was filed.
 

 • November 29, 2004: Ms. Seymour filed a motion for default. Despite the failure of Ramos or the corporate defendant to file any pleading or paper, the clerk would not enter a clerk’s default, prompting this motion for default. As the trial judge who later vacated the default final judgment observed, the fact that the clerk did not enter a clerk's default is itself quite telling.
 

 • April 2005: An order of default was entered after a hearing on that motion.
 

 • May 1, 2006: The damages case was tried by a jury.
 

 • May 8, 2006: A final default judgment was entered.
 

 • October 2006: Panchita's first motion to vacate that judgment was filed (prompted, no doubt, by discovery in aid of execution).
 

 • April 30, 2009: The trial court enters an order vacating the judgment following Panchita amended motion to vacate the judgment in 2008.
 

 • May 11, 2009: Eleven days later, the process server prepared an amended return of service regarding the summons served over four years earlier — the amended return reported under oath that the process server received the summons for service on
 
 Panchita
 
 (not Ramos individually) “by serving its registered agent: Jorge Ramos [address]” and that indeed
 
 Panchita
 
 had been served on October 20, 2004, by delivering a true copy to "Jorge Ramos as registered agent [address].”
 

 • May 12, 2009: Ms. Seymour moved to amend the return of service pursuant to section 48.21, Florida Statutes (2004).
 

 • August 6, 2009: That motion was granted, over seven years after the child’s accident.
 

 [2]
 

 . As to the corporate defendant in this case, see Fla. R. Civ. P. 1.070 and 1.080, and §§ 48.081, 48.21, 607.0504 and 607.0505, Fla. Stat. (2009).
 

 [3]
 

 . Our Supreme Court’s opinion states that service of process was accomplished by personal service upon Ms. Mock “as a ‘registered agent' rather than as a ‘director.’ ”
 
 Cannella,
 
 801 So.2d at 99. Thus in her case, unlike the present case, the summons made it clear that the person served was being served in a corporate capacity. The underlying district court opinion also states that "service of process was improperly made upon the registered agent of the dissolved corporation,” indicating that the summons identified Ms. Mock’s representative capacity on behalf of the dissolved corporation.
 
 Auto-Owners Ins. Co. v. Cannella,
 
 737 So.2d 1129, 1130 (Fla. 2d DCA 1999).
 

 [4]
 

 . In
 
 McLendon v. Smith,
 
 589 So.2d 410 (Fla. 5th DCA 1991), a summons was served on Ms. McLendon in her individual capacity, but that was found to be insufficient to establish jurisdiction over her as personal representative of an estate. The district court of appeal found that this was not a "technical variance or minor deficiency,” and that the summons "failed altogether to summon the defendant [the estate].” 589 So.2d at 412. In
 
 Dade Erection Service, Inc. v. Sims Crane Service, Inc.,
 
 379 So.2d 423, 425 (Fla. 2d DCA 1980), another district court of appeal cited several cases and the applicable statutes for these propositions: corporations are fictional entities and thus there can be no "personal” service on them; service can only be made on some representative or agent of the corporation designated by law; the applicable statutes provide the exclusive means of effecting service; and those provisions must be strictly construed. Applying those basic principles, the court found no jurisdiction had been acquired over a corporation and that a default final judgment was void. That is what we are required to do.
 

 [5]
 

 . The trial court allowed the return of service to be amended in an order entered in August 2009, well after Panchita and its counsel appeared and began to participate. In allowing the amended return, it would appear that the court has exercised its discretion not to enforce the 120-day period ordinarily allowed for service pursuant to Fla. R. Civ. P. 1.070(j). Our Supreme Court softened that rule in 1998 after recognizing that "the old rule was a litigation breeder wherein the dismissal of
 
 *199
 
 one action in the name of judicial case management simply generated another action predicated upon legal malpractice.”
 
 Totura & Co., Inc. v. Williams,
 
 754 So.2d 671, 677 (Fla.2000). Ms. Seymour's filing of the complaint in October 2004 tolled the running of the applicable statute of limitations.
 
 Szaho v. Essex Chem. Corp.,
 
 461 So.2d 128 (Fla. 3d DCA 1984).