SALTER, J.
Stuart Kalb, as assignee and trustee for the plaintiff, ThyssenKrupp Elevator Corp., appeals two non-final orders: (1) vacating a final default judgment, and (2) granting rehearing, but again vacating the default judgment and quashing the original service of process on the defendant. The defendanVappellee is The Sail Condominium Association, Inc. (Association). We reverse in part, affirm in part, and remand for further proceedings.
ThyssenKrupp sued the Association in March 2010 for breach of contract and breach of elevator repair orders. The process server served an employee of the Association’s registered agent at the office of the registered agent. The Association did not file a responsive pleading, and a final default judgment for damages and attorney’s fees was entered against it in May 2010.
Three months later, the Association filed the affidavit of Richard Layfield, an employee of the Association. Layfield swore, based on personal knowledge, that the lawsuit was received at the office of the Association and its registered agent. He swore further that the individual who received the lawsuit on behalf of the Association “failed to follow office procedure by not delivering the summons and complaint to our counsel.” Finally, he asserted under oath that “[tjhere are meritorious defenses to the instant action, including but not limited to the following: [ThyssenKrupp] failed to perform as alleged in the complaint, and there were material defects with the product and installation and maintenance of the product.”
But remarkably, the Association did not file its “verified motion to vacate default final judgment and quash service of process” until February 2012 (twenty-one months after the final judgment was entered, and over eighteen months after Layfield’s affidavit was filed).
On this record, the motion to vacate should not have been granted. The Association’s argument that the judgment was void is incorrect. Service on the registered agent’s employee was proper under section 48.081(3)(a), Florida Statutes (2010). Chapter 2004-273, section 2, Laws of Florida, amended section 48.081(3)(a) to add that “service of process shall be permitted on ... any employee of the registered agent.” Here, under the plain language of the statute, service on the employee was valid, and the resulting judgment was not void. See Seymour v. Panchita Inv., Inc., 28 So.3d 194 (Fla. 3d DCA 2010).
This conclusion renders the motion to vacate irremediably late. While a motion to vacate an order based on a void judgment can be filed at any time, motions to vacate on other grounds must be brought within one year of rendition. Fla. R. Civ. P. 1.540; Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). Trial courts do not have jurisdiction to entertain a Rule 1.540(b) motion filed more than one year after rendition of the judgment where there is no basis to exempt the motion from that limitations period. Pilz v. Pilz, 395 So.2d 591 (Fla. 2d DCA 1981). Here, the one-year limitations period had run.[1]
*676 For these reasons, we reverse the orders vacating the final judgment after default, in all respects save one. We reinstate the final judgment (entered and recorded in May 2010), with the single exception (based on ThyssenKrupp’s commendable concession) that the portion of the orders vacating the attorney’s fee award in the final judgment is affirmed.[2] On remand, and after notice by Thyssen-Krupp, the trial court shall conduct an evidentiary hearing on ThyssenKrupp’s unliquidated claim for attorney’s fees.
Reversed in part and remanded with directions; affirmed in part.

. The motion to vacate would also have been fatally deficient regarding the "due diligence” requirement applicable to the motion, Gables Club Marina, LLC v. Gables Condo. & Club Ass'n, 948 So.2d 21, 23 (Fla. 3d DCA 2006), had it been timely under Rule 1.540. Here the Association's own affidavit established actual notice of the lawsuit by its employee over *676 eighteen months before the verified motion to vacate was filed.

. The trial court awarded attorney's fees based on an affidavit, and ThyssenKrupp has acknowledged that the Association must be given notice and an opportunity to be heard. Fla. R. Civ. P. 1.440(c); Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So.2d 662 (Fla. 3d DCA 2007).