DAUKSCH, Judge.
This is an appeal from an order dismissing appellant’s complaint with prejudice as to appellees Carl Dann, III, D.D.S. and Carl Dann, III, D.D.S., P.A., based on the doctrine of laches, and appellees Federal Insurance Co., based on section 627.7262, Florida Statutes (1987).
On August 21, 1984, appellants sued ap-pellees Payor, Dann, and Federal Insurance Company, alleging dental malpractice and loss of consortium. On December 13,1984, the trial court entered an order of abatement, abating the cause until service of process could be perfected.
On October 21, 1987, appellants served all appellees with process. On November 10, 1987, appellees Dann and Federal Insurance Co. filed a motion to dismiss, alleging, in part:
The complaint shows on its face that this action is barred either by the statute of limitations or by the principle of laches. This complaint was filed on [August 21, 1984], Paragraph 12 of the complaint alleges that plaintiffs within two years preceding [August 21, 1984] discovered that Kathleen Kornaker was injured and that her “condition was the result of treatment by the defendants.” Nevertheless, Carl Dann, III, D.D.S. and his professional association were not served with summons and complaint in this case until October 21, 1987 ... Even had plaintiff discovered Kathleen Kornaker’s injuries on [August 21, 1984] (the same date on which their complaint was filed), the service of the summons and complaint upon defendants falls more than two and one-half years after service of the initial complaint. This is violative of the spirit and purpose of the statute of limitations, i.e., to put defendants on notice of claims before they become stale. Defendants urge that this court rule as a matter of law that this claim is barred by the applicable statute of limitations or, alternatively, by the equitable principle of laches.
*900 (Appellee Payor filed an answer on November 10, 1987, alleging affirmative defenses including comparative negligence and statute of limitations).
A hearing was held on June 5, 1989, and the trial court’s order of dismissal with prejudice was rendered June 13, 1989.
It is well settled that in considering a motion to dismiss a complaint the trial court is confined to the allegations contained within the four corners of the complaint and all allegations and must be taken as true. Chaires v. North Florida National Bank, 432 So.2d 183 (Fla. 1st DCA 1983). It is similarly well settled that lach-es is an affirmative defense which under the Florida Rules of Civil Procedure is required to be set forth affirmatively. The burden of proof is on the party asserting laches; it must moreover be proved by very clear and positive evidence. Van Meter v. Kelsey, 91 So.2d 327 (Fla.1956); Fla. R.Civ.P. 1.140(b). Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion to dismiss. Fla.R.Civ.P. 1.110(d); Flye v. Jeffords, 106 So.2d 229 (Fla. 1st DCA 1958). Appellees have failed to direct the attention of this court to any portion of the appellants’ complaint which shows “clear and positive evidence” of laches on the face of the complaint. Finally, it is at best questionable how laches applies in this case. This is a tort action and the complaint alleges that it was filed within the time required by the statute of limitations. § 95.11(6), Fla.Stat.; cf. Pratt v. Durkop, 356 So.2d 1278 (Fla. 2d DCA 1978). We reverse the order as it relates to appellees Dann.
We affirm the trial court’s dismissal of appellee Federal Insurance Co. VanBibber v. Hartford Accident & Indemnity Ins. Co., 439 So.2d 880 (Fla.1983).
AFFIRMED in part; REVERSED in part and REMANDED.
COWART and GRIFFIN, JJ., concur.