674 So.2d 158 (1996)
Emmanuel SNEED, et al., Appellant,
v.
H.B. DANIEL CONSTRUCTION COMPANY, INC., etc., Appellee.
No. 95-1232.
District Court of Appeal of Florida, Fifth District.
April 19, 1996.
*159 Freemon A. Mark, Pompano Beach, and Steven M. Goldsmith of Siegel & Lipman, Boca Raton, co-counsel, for Appellants.
Michael I. Coulson and Holly J. McCorkle of Saalfield, Catlin & Coulson, P.A., Jacksonville, for Appellee.
ANTOON, Judge.
Emmanuel Sneed, a minor, and his parents appeal the trial court's summary dismissal of their negligence suit against H.B. Daniel Construction Company for failure to comply with rule 1.070(i) of the Florida Rules of Civil Procedure. We reverse.
The Sneeds' complaint alleged that, while visiting a church on July 30, 1989, Emmanuel was seriously injured when metal scaffolds owned by H.B. Daniel Construction Company (Construction Company) fell on him. The complaint was filed on May 21, 1993, and was served on W.S. Grissett, a former resident agent and director of the Construction Company, thirty-nine days later, on June 29, 1993. The Construction Company filed a motion to dismiss the complaint because the service on Mr. Grissett was improper and because the complaint improperly referred to the Construction Company as H.B. Daniels Construction Company instead of its correct name, H.B. Daniel Construction Company. Sneed responded to the motion to dismiss by amending the complaint to correct the spelling. On September 29, the trial court quashed the service of process on Mr. Grissett. On January 11, 1995, H.B. Daniel II, a director, was served with a copy of the complaint which correctly spelled the name of the Construction Company.
The Construction Company then filed another motion to dismiss, this time contending that dismissal was proper because the service on Mr. Daniel was not within 120 days of the date of the filing of the initial complaint as required by rule 1.070(i).[1] The trial court granted the motion and dismissed the Sneeds' complaint with prejudice.
The issue before this court is whether the Sneeds' service of process on Mr. Grissett was sufficient to satisfy the 120-day requirement of the rule. We join the second and third districts in answering this question in the affirmative.
In Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993) rev. denied, 639 So.2d 976 (Fla.1994), the plaintiff served process on the wrong person within 120 days of the date of filing his complaint. The second district concluded that it was improper to dismiss the action even though the service of process was invalid. In Caban v. Skinner, 648 So.2d 251 (Fla. 3d DCA 1994), the third district held that dismissal was improper where service, albeit invalid, was effected within the 120-day period. Accord Smith v. Saunders, 652 So.2d 1187 (Fla. 2d DCA 1995).
*160 In reaching this result we are persuaded by what we understand the purpose of rule 1.070(i) to be. It is not intended to be a trap for the unwary, nor a rule to impose a secondary statute of limitations based on time of service. The results of such an interpretation would be harsh in a system where great emphasis is placed on deciding cases justly on the merits. We instead understand the rule to be an administrative tool to efficiently move cases through the courts. The service on Mr. Grissett accomplished just that purpose. Accordingly, we reverse the order dismissing the complaint and remand this case for further proceedings.
REVERSED and REMANDED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] Rule 1.070(i) of the Florida Rules of Civil Procedure provides that, if service is not made upon the defendants within 120 days after filing of the initial pleading, the action shall be dismissed without prejudice, absent a showing of good cause. Fla.R.Civ.P. 1.070(i) (formerly designated as Fla.R.Civ.P. 1.070(j)).