684 So.2d 246 (1996)
BANKERS INSURANCE COMPANY, a Florida Corporation, Appellant,
v.
Randall J. THOMAS, and Home Electric Service of Central Florida, Inc., a Florida Corporation, Appellees.
No. 95-04851.
District Court of Appeal of Florida, Second District.
December 4, 1996.
Rehearing Denied December 31, 1996.
Geoffrey B. Marks of Walton, Lantaff, Schroeder & Carson, Miami, for Appellant.
Robert E. Landt, Ocala, for Appellees.
PER CURIAM.
We reverse the trial court's final order dismissing the appellant's complaint against the appellees with prejudice for failure to comply with the 120-day service of process requirement of Florida Rule of Civil Procedure 1.070(i). The record before us clearly reflects that the appellant timely effected service of process, albeit through invalid service on the wrong person, within 120 days of filing its complaint. Accordingly, the trial court should not have dismissed the complaint after vacating the default final judgment rendered against the appellees for lack of notice but should have allowed the action to remain pending. See, e.g., Sneed v. H.B. Daniel Constr. Co., 674 So.2d 158 (Fla. *247 5th DCA 1996); Smith v. Saunders, 652 So.2d 1187 (Fla. 2d DCA 1995); Caban v. Skinner, 648 So.2d 251 (Fla. 3d DCA 1994); Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993), review denied, 639 So.2d 976 (Fla.1994). Moreover, under the plain language of the rule, any dismissal for noncompliance with its terms is to be without prejudice.
We also conclude that the record does not substantiate the trial court's finding that the appellees would be unduly prejudiced by the delay in notice of the lawsuit. Laches is an affirmative defense which, under the Florida Rules of Civil Procedure, must be pled as such. Kornaker v. Payor, 565 So.2d 899, 900 (Fla. 5th DCA 1990). Furthermore, "[a]s an affirmative defense, the burden of proving it is on its proponent, and it must be proved by very clear and positive evidence." Golden v. Lewis, 647 So.2d 979, 980 (Fla. 2d DCA 1994) (citing Van Meter v. Kelsey, 91 So.2d 327, 332 (Fla. 1956)).
In this case, the record fails to demonstrate that the appellees have properly pled or proved the defense of laches in response to appellant's complaint. It only reflects the trial court's unsupported conclusions regarding prejudice suffered by the appellees because of the delay. Our reversal on this point, however, is without prejudice to the appellees' properly pleading and proving the defense of laches on remand. In the event they choose to do so by way of a motion to dismiss, we emphasize that in order to prevail on such a motion, the appellees must establish that even taking the allegations of the four corners of the appellant's complaint as true, the complaint on its face shows "clear and positive evidence" of laches. Kornaker, 565 So.2d at 900.
Accordingly, we reverse the trial court's order of dismissal with prejudice, reinstate the appellant's complaint, and remand for further proceedings.
Reversed and remanded for further proceedings.
PATTERSON, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.