699 So.2d 745 (1997)
Mildred Cissie BICE, Appellant/Cross-Appellee,
v.
METZ CONSTRUCTION CO., INC., a Florida Corporation, Ronald Hoenig, Laura Hoenig, Ken Miller, James Young & Company of Florida, Inc., and Steve Hayes as the Administrator of the Estate of James Young, Deceased, Appellees/Cross-Appellants.
Nos. 95-3727, 95-4252.
District Court of Appeal of Florida, Fourth District.
August 20, 1997.
Rehearing, Rehearing, and Certification of Question Denied October 13, 1997.
Edward Campbell of Roberts & Sojka, P.A., West Palm Beach, for appellant/cross-appellee.
Thomas A. Berger of Flanagan & Maniotis, P.A., West Palm Beach, for appellee/cross-appellant James Young and Company of Florida, Inc.
Daniel M. Bachi and Bard D. Rockenbach of Sellars, Supran, Cole, Marion & Bachi, P.A., West Palm Beach, for appellees/cross-appellants Ronald Hoenig and Laura Hoenig.
Rehearing, Rehearing En Banc, and Certification of Question Denied October 13, 1997.
WARNER, Judge.
Appellant, Mildred Bice, filed suit against Metz Construction Company based on an *746 injury allegedly occurring on January 23, 1991, when she tripped and fell down stairs while working as a housekeeper at a residence built by Metz. Bice obtained the written consent of Metz to add parties to the action. She filed an amended complaint on January 20, 1995, adding the homeowners, Ronald and Laura Hoenig, and the interior decorator, James Young & Co. The trial court subsequently dismissed Bice's action as to the Hoenigs and James Young & Co. for her failure to comply with Florida Rule of Civil Procedure 1.070(i). We reverse because Bice had made an attempt at service on each appellee within the 120-day period.
Bice attempted service of process on James Young & Co. on May 19, 1995, and on the Hoenigs on May 15, 1995. Each attempted service fell within the 120-day period prescribed by Rule 1.070(i), which provides:
(i) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
Bice stipulated that each attempted service was invalid, but she argued that she had complied with Rule 1.070(i) by attempting service within the 120-day period, relying on Smith v. Saunders, 652 So.2d 1187 (Fla. 2d DCA 1995); Caban v. Skinner, 648 So.2d 251 (Fla. 3d DCA 1994); and Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993). In dismissing Bice's action against the Hoenigs and James Young & Co., the trial court rejected this argument without explanation.
Smith, Caban and Stoeffler, as well as Sneed v. H.B. Daniel Constr. Co., Inc., 674 So.2d 158 (Fla. 5th DCA 1996) and Bankers Ins. Co. v. Thomas, 684 So.2d 246 (Fla. 2d DCA 1996), stand for the proposition that dismissal of an action is improper where service, albeit invalid, was effected within the 120-day period. This line of cases can be traced back to the following language from Stoeffler:
Even though service of process against both [defendants] was invalid, the action against both should remain pending because service, although invalid, was made within the 120-day limit pursuant to Florida Rule of Civil Procedure 1.070(j) [now Rule 1.070(i)]. In Payette v. Clark, 559 So.2d 630, 633 (Fla. 2d DCA 1990), this court held that "[w]hen an invalid method of service is used, the proper procedure is to quash the service and permit the action to remain pending." In this case, the first attempt at service was made within the 120-day limit. Accordingly, the trial court erred in dismissing the action....
Stoeffler, 629 So.2d at 198 (emphasis added). We agree with this reasoning.
We reverse, following Sneed v. H.B. Daniel Constr. Co., Inc., Caban and Stoeffler, and hold that the service effected on James Young & Co. and the Hoenigs, albeit invalid, was sufficient compliance with Rule 1.070(i) to preclude dismissal.
Appellant claims that permitting an invalid service to prevent dismissal under the rule, thwarts its purpose to assure diligent prosecution of lawsuits once a complaint is filed. See Morales v. Sperry Rand Corp., 601 So.2d 538 (Fla.1992). We disagree. When service is made, a defendant must respond within twenty days or suffer a default. If a motion to quash service is filed, then in securing a ruling the trial court can direct service to be made within some reasonable amount of time. Thus, the trial court will have taken control of the case and can prevent inordinate delay in effectuating valid service.
The purpose of the rule is to prevent a plaintiff from filing a suit and then taking no action whatsoever to proceed on the claim. Where plaintiff serves process, even when invalid, the defendant must respond and the action progresses. Thus, the rule accomplishes its objective.
By cross-appeal, appellees contend that the trial court erred in denying their motion to dismiss on statute of limitations grounds. Pursuant to section 95.11(3)(a), *747 Florida Statutes (1991), the statute of limitations for Bice's action ran on January 23, 1995. Appellees contend that because Bice never moved for leave to amend her complaint, the amended complaint filed on January 20, 1995, is a nullity, and therefore this action is barred by the statute of limitations. However, under the Florida Rules of Civil Procedure,
[a] party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend it at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party.

Fla.R.Civ.P. 1.190(a) (emphasis supplied). Here, the amended complaint filed January 20, 1995, was permissible because Bice obtained the written consent of the adverse party, Metz. The trial court properly denied the Hoenigs' motion to dismiss for failure to bring the action within the limitations period; we therefore affirm as to the cross-appeal.
Reversed and remanded for further proceedings.
STONE, C.J., and POLEN, J., concur.