ON MOTION FOR REHEARING

HARRIS, Judge.
Because we misconstrued Ludwig’s individual involvement in the discovery process, *1257 we grant rehearing and substitute the following opinion.
Eric W. Ludwig, individually, and Eric W. Ludwig, P.A. were sued for malpractice. Officer Riley went to appellants’ law office in an effort to serve the named defendants. Ludwig was out of town (the record indicates that he was in Chicago) so the officer “served” the defendants by leaving copies of the summons and complaint with Karla Cash, a secretary in the law office. The officer’s affidavit indicates the following:
5. Upon my arrival at said address, I was greeted in the waiting room by the secretary in a white blouse and blue jeans. The secretary was clearly over the age of 18.
6. At that time I identified myself and stated my business, that I was there to serve ERIC W. LUDWIG and ERIC W. LUDWIG, P.A. with summons and complaint.
7. At which time the secretary went back into the office and soon returned stating to me that she had authorization to accept service of the summons and complaint on the defendants.
8. If the secretary would have stated that she did not have authorization, then I simply would have returned at a later date and time.
Immediately after his return from Chicago, Ms. Cash delivered the summons and complaint to Ludwig and he filed a motion to quash service as against the corporation because process was not served on an appropriate agent and as against him individually because service was not perfected in accordance with law. Over a year after the motion to quash was filed, the plaintiffs had Ludwig individually served with alias summons. Ludwig moved to dismiss the action against him individually because the summons was not served within 120 days. When the motions were finally heard, the trial court ruled: “Mr. Ludwig, the Court will find that there was a good Service of Process here.” The court then entered its order denying both the motion to quash service and the motion to dismiss. Appellants challenge this order. We affirm.
Appellees argue that service was appropriate against the corporation because they complied with section 48.081(3), Florida Statutes:
As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation’s place of business.
It is undisputed that Ludwig failed to comply with § 48.091 by failing to post a sign naming the registered agent on whom process could be served. Such a sign might well have authorized Ms. Cash, as well as Ludwig, to receive service of process for the corporation. Appellants respond that the statute only requires that the “registered office” be kept open “from 10:00 a.m. to 12:00 p.m. noon each day ...” and since the service by Officer Riley was made after 1:00 p.m., it was ineffective. We disagree. Even though the statute only mandates that the office be kept open for a limited period, so long as the office is actually open, at least during regular business hours, then service is effective.
Although the initial effort to serve individually was ineffective, it was made within the 120-day period required by the rule. The subsequent service on Ludwig, therefore, was valid even though outside the 120-day period. See Sneed v. H.B. Daniel Const. Co., Inc., 674 So.2d 158 (Fla. 5th DCA 1996).
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.