726 So.2d 364 (1999)
NATIONSBANK, N.A., Appellant,
v.
Saul L. ZINER and Mark A. Berezin, Appellees.
No. 98-1049
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
Rehearing Denied March 19, 1999.
*365 Lori L. Heyer-Bednar and Gregory M. Garno of Haley, Sinagra & Perez, P.A., Fort Lauderdale, for appellant.
Steven D. Rubin, Boca Raton, for Appellee-Saul L. Ziner.
Stanford R. Solomon and Melody E. Altman of Solomon & Benedict, P.A., Tampa, for Appellee-Mark A. Berezin.
PER CURIAM.
Nationsbank, N.A. ("Nationsbank") timely appeals from an order dropping Mark A. Berezin ("Berezin"), as a party defendant for lack of proper service, and from an order dismissing the suit for lack of prosecution. We reverse both orders.
This appeal stems from a suit brought in 1992 by Nationsbank against Berezin and Saul L. Ziner ("Ziner"), jointly and severally, based on an underlying guaranty of payment executed by Ziner and Berezin in favor of Nationsbank. Between March, 1993 and April, 1993, Nationsbank unsuccessfully attempted service on Berezin four times. On April 26, 1993, the trial court ordered Nationsbank to show cause why the action against Berezin should not be dismissed as 120 days had elapsed since the filing of the complaint. Nationsbank thereupon advised the court in a memorandum of its numerous, unsuccessful attempts to serve Berezin, and the court, on May 20, 1993, subsequently gave Nationsbank an additional ninety days to serve Berezin.
On June 10, 1993 Nationsbank mailed to Berezin at his Massachusetts address the summons and complaint, as well as a letter explaining that Berezin had twenty days to file a responsive pleading. On June 23, 1993, Berezin wrote a letter to Nationsbank in response and offered to settle the case.
On May 24, 1994, the trial court ordered Nationsbank to show good cause why the case should not be dismissed for lack of prosecution based on its failure to serve Berezin. Nationsbank filed a notice of compliance, explaining it finally was able to serve Berezin via registered and regular mail after unsuccessful attempts, and that the parties had been involved in ongoing settlement negotiations. *366 The court found good cause was shown and did not dismiss the case.
In December, 1996, after Nationsbank had filed a motion for summary judgment, Berezin filed a motion to strike Nationsbank's motion for failure to effect proper service upon him within 120 days. After a hearing, the court denied Berezin's motion to strike, determined that Berezin received the summons and copy of Nationsbank's complaint, and found that it had personal jurisdiction over him. The court later denied Berezin's timely motions for rehearing and reconsideration.
On August 28, 1997, Ziner moved to dismiss the suit for lack of subject matter jurisdiction based on the defective service on Berezin. On February 11, 1998, the court denied Ziner's motion to dismiss. On February 12, 1998, Berezin filed a motion for reconsideration/motion to dismiss the complaint for failure to effect proper service under Florida Rule of Civil Procedure 1.070(j). On February 17, 1998, Ziner filed a motion for reconsideration of the order denying his motion to dismiss.
On February 25, 1998, the court granted Berezin's motion for reconsideration of its May 20, 1993 order and dropped him as a party defendant for lack of proper service. It also granted Ziner's motion for reconsideration of the court's February 11, 1998 order, dismissed the action for lack of prosecution for lack of record activity between May 23, 1993 and May 24, 1994, and set aside all prior orders to the contrary.
Nationsbank first contends the court erred in dropping Berezin as a party defendant for failure to effect proper service upon him within 120 days as prescribed by Florida Rule of Civil Procedure 1.070(j).[1] Rule 1.070(j) provides,
(j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading and the party on whose behalf service is required does not show good cause why service was not made within that time, the action shall be dismissed without prejudice or that defendant dropped as a party on the court's own initiative after notice or on motion. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
Fla.R.Civ.P. 1.070(j). The propriety of the trial court's dropping Berezin as a party under this rule must be assessed according to the abuse of discretion standard. See Morales v. Sperry Rand Corp., 601 So.2d 538, 540 (Fla.1992)("the trial judge has broad discretion in declining to dismiss an action if reasonable cause for the failure to effect timely service is documented").
The purpose of Rule 1.070(j) is to prevent a plaintiff from filing a suit and then taking no action whatsoever to proceed on the claim. Bice v. Metz Const. Co., 699 So.2d 745, 746 (Fla. 4th DCA 1997), rev. den. sub. nom, James Young & Co. v. Bice, 705 So.2d 901 (Fla.1998). Bice explains that, where a plaintiff serves process, even when invalid, within 120 days of filing the complaint, the rule accomplishes its objective. Id. Thus, dismissal of an action is improper where service, albeit invalid, is effected within the 120-day period. Id. The reasoning for this latter proposition traces back to the following language from Stoeffler v. Castagliola, 629 So.2d 196 (Fla. 2d DCA 1993), rev. den., 639 So.2d 976 (Fla.1994):
Even though service of process against both [defendants] was invalid, the action against both should remain pending because service, although invalid, was made within the 120-day limit pursuant to Florida Rule of Civil Procedure 1.070(j). In Payette v. Clark, 559 So.2d 630, 633 (Fla. 2d DCA 1990), this court held that "[w]hen *367 an invalid method of service is used, the proper procedure is to quash the service and permit the action to remain pending." In this case, the first attempt at service was made within the 120-day limit. Accordingly, the trial court erred in dismissing the action....
Id. at 198 (quoted in Bice, 699 So.2d at 746).
When improper service is made within the allotted time period, instead of moving for a dismissal, the proper procedure is for a defendant to move to quash service. Bice, 699 So.2d at 746. Under that method, the trial court may direct the plaintiff to make service within some reasonable amount of time. Accordingly, the trial court will have taken control of the case and, thereby, prevent the rule's concern with inordinate delay in effectuating valid service. Id.
Here, Nationsbank does not dispute that serving Berezin with the summons and complaint by mail was improper service of process. See, generally, Fla.R.Civ.P. 1.070(i); Fla. Stat. § 48.161 (1997). It argues, however, that Berezin waived his objection that the court lacked personal jurisdiction. We disagree. Berezin never sought affirmative relief in this action, and continually protested the court's assertion of personal jurisdiction over him throughout the proceedings.[2]See Montero v. Duval Fed. Sav. & Loan Ass'n of Jacksonville, 581 So.2d 938 (Fla. 4th DCA 1991); Cumberland Software, Inc. v. Great American Mortg. Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987).
Nevertheless, we hold that dropping Berezin as a party was erroneous under Bice. Although Nationsbank effected improper service, it is undisputed that Berezin received the summons and complaint. This receipt assures that Nationsbank met the purposes of Rule 1.070(j), precluding dismissal. By dropping Berezin as a party and then dismissing the case for lack of prosecution, infra, the court effectively adjudicated the complaint on its merits since the statute of limitations had long expired. As Rule 1.070(j) specifically prohibits dismissals under the rule from operating as a formal adjudication, we hold the court abused its discretion.
Based on the foregoing, we treat the order under review as merely quashing service on Berezin, and remand the case to give Nationsbank additional time, to be set by the trial court, to serve him. Although six years was arguably sufficient time in which to serve Berezin properly, we believe that Nationsbank, after having relied on prior orders of the court, should have one last opportunity to effect proper service.
Nationsbank also argues the trial court erred in dismissing this action in 1998 for lack of any record activity during May, 1993 and June, 1994 pursuant to Florida Rule of Civil Procedure 1.420(e).[3] Rule 1.420(e) requires that plaintiff's counsel ensure that some record activity is accomplished within a twelve-month period to avoid dismissal of the action. In Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991), the supreme court articulated the standard for determining whether a case is subject to dismissal for lack of prosecution under the rule:
First, the defendant must show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed.
Id. at 1308-9. The standard by which this court must assess the propriety of a dismissal *368 under the rule is abuse of discretion. Freeman v. Toney, 608 So.2d 863 (Fla. 4th DCA 1992).
We believe the court abused its discretion in dismissing the action. Even though Nationsbank did not effect proper service within ninety days, it did serve Berezin with the summons and complaint by mail and, thus, met the mandates of the court's May 20, 1993 order. In any event, during the one year period before the order dismissing the action was entered, significant record activity occurred. Because the provisions of Rule 1.420(e) are not self-actuating, the court should not have dismissed the case for failure to prosecute in 1998, even though it arguably could have done so in 1994. See Knowles v. Gilbert, 208 So.2d 660 (Fla. 3d DCA 1968); Dolan v. Hartford Ins. Co. of the Southeast, 566 So.2d 316, 317 (Fla. 4th DCA 1990), rev. den., 577 So.2d 1326 (Fla.1991).
REVERSED and REMANDED for further consistent proceedings.
STEVENSON, TAYLOR, JJ., and BROWN, LUCY CHERNOW, Associate Judge, concur.
NOTES
[1] Nationsbank devotes a good portion of its brief to questioning whether the court had authority to modify Judge Fine's prior orders. A trial court has inherent authority to reconsider any of its interlocutory rulings prior to final judgment, and a successor judge has the same authority to vacate or vary an interlocutory order as the original judge. Whitlock v. Drazinic, 622 So.2d 142 (Fla. 5th DCA)(en banc), rev. den., 630 So.2d 1103 (Fla.1993). The fact that Berezin did not appeal the initial denial of his motion to strike did not preclude the court form later reconsidering its order; contrary to Nationsbank's arguments, nothing in the appellate rules mandated that Berezin either appeal from that interlocutory order or suffer waiver of his objection.
[2] The fact Berezin did not raise the jurisdictional challenge in his first June, 1993 letter to Nationsbank is not dispositive, for the letter was not a formal pleading.
[3] Rule 1.420(e) provides,

(e) Failure to Prosecute. All actions in which it appears on the fact of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether
a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla.R.Civ.P. 1.420(e).