821 So.2d 468 (2002)
GARY J. ROTELLA & ASSOCIATES, P.A., a Florida professional association, Appellant,
v.
Anthony T. ANDREWS, and American Industries, Inc., a Florida corporation, Appellees.
Nos. 4D01-3380, 4D02-2394.
District Court of Appeal of Florida, Fourth District.
July 24, 2002.
*469 Harris K. Solomon and John N. Lambros of Brinkley, McNerney, Morgan, Solomon & Tatum, LLP, Fort Lauderdale, for appellant.
No appearance by appellee.
FARMER, J.
We reverse an order denying an enlargement of time and dismissing an action without prejudice as to a defendant for failure to serve process. We conclude that plaintiff established good cause and that the trial court had no discretion to deny appropriate additional time to effect service.
In his showing, plaintiff established that initially its process server made 26 unsuccessful attempts to serve process upon defendant Andrews at his Fort Lauderdale residence and two attempts through foreign process servers at his residences in Maryland and Wyoming. At that point, plaintiff requested a 60-day extension to effect service upon him. The court granted 30 days.
One month after the extension, plaintiff filed another motion for extension, noting that despite twelve more attempts to serve process upon Andrews, it had been unable to serve him. The motion included an affidavit from the process server. According to the affidavit, Andrews has three homes in the United States and one in Greece. He travels extensively. Before the first extension, the process server made 26 attempts to serve Andrews at his Florida residence, saying "it appears that Andrews is either intentionally not home, or the guard has refused [my] attempts to gain entry to the premises." The process server detailed two attempts through foreign process servers. He arranged for service in Wyoming and Maryland. Twelve attempts were made in Maryland. According to neighbors there, "Andrews was inside his residence when service of process was attempted, but refused to answer the door." Another time a neighbor said that "Andrews is in Greece for the summer months." The affiant concluded that based upon his experience as a process server, "it appears clear to me that Andrews is avoiding service of process in this matter."
As the court pointed out in Sneed v. H.B. Daniel Construction Co. Inc., 674 So.2d 158 (Fla. 5th DCA 1996), rule 1.070(j):
"is not intended to be a trap for the unwary, nor a rule to impose a secondary statute of limitations based on time of service. The results would be harsh in a system where great emphasis is placed on deciding cases justly on the merits. We instead understand the rule to be an administrative tool to efficiently move cases through the courts."
674 So.2d at 159. The idea of rule 1.070(j) is not to throw up arbitrary temporal barriers *470 for serving process on a defendant who is avoiding service. Here the record plainly establishes that plaintiff was attempting to efficiently move the case through the courts. The circumstances presented to the trial judge did not indicate any necessity to use administrative tools to prod a quiescent case into the active adjudicatory process. Certainly the case could not have moved any faster than the lawyer was already moving it.
We deem the grounds shown by this set of facts to establish good cause as a matter of law. At the very least, the court should have extended time through the summer months and into the fall to afford plaintiff time to effect service of process here in the United States. Failing service on this continent, the court should afford sufficient time to effect service outside the United States under appropriate treaty provision, if any, for such service.
REVERSED.
GUNTHER and SHAHOOD, JJ., concur.