MAY, J.
A trial court’s reaction to the plaintiffs request for an extension of time to serve one of three defendants resulted in the dismissal of the plaintiffs complaint. The plaintiff argues that the trial court abused its discretion in dismissing the action. We agree and reverse.
On July 9, 2002, the plaintiff filed a complaint against Edward H. McCluskey, William Barnett, and Paul Lovito for breach of fiduciary duty, breach of duty of loyalty, and fraud. On November 4, 2002, the plaintiff filed a motion for extension of time of 60 days to serve the complaint. He alleged that at least one defendant had been served, and that the process server was attempting to serve the other two defendants. The plaintiff asked for more time in case they were not served within the requisite 120 days. See Fla. R. Civ. P. 1.070(j). On November 4, 2002, the trial court gave the plaintiff sixty days in which to serve the complaint.
On April 30, 2003, the trial court set a case management conference for May 27, 2003. On June 30, 2003, the plaintiff filed a motion to serve the third defendant, Lovito, by publication. He alleged that he had served both McCluskey and Barnett, but his previous attempts to serve Lovito had been unsuccessful. The process server had gone to Lovito’s residence “over 10 times” without locating him.
The plaintiff attached an affidavit from the process server attesting to these facts. The process server’s affidavit indicated that he had spoken with Lovito’s mailman who told him that Lovito and the “LBI Group” moved on a regular basis. The mailman had come across Lovito and the group on different routes. According to the mailman, Lovito never stayed anywhere for longer than two months, and the landlords were also looking for him. The plaintiff alleged that he had exhausted his efforts, which included checking public records, the telephone directory, and using two process servers.
On July 8, 2003, the trial court entered an order sua sponte dismissing the plaintiffs complaint. It noted that on May 27, 2003, it had ordered the plaintiff to effectuate service within 30 days. The court added in the order of dismissal that “[u]pon failure to comply, this case is hereby dismissed.”[1]
Florida Rule of Civil Procedure 1.070(j), as amended in 1999, provides that
[i]f service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a speci *762 fied time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time of service for an appropriate period.... A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).
Fla. R. Civ. P. 1.070(j) (emphasis added).
This court has previously recognized that the rule
is not intended to be a trap for the unwary, nor a rule to impose a secondary statute of limitations based on time of service. The results would be harsh in a system where great emphasis is placed on deciding cases justly on the merits. We instead understand the rule to be an administrative tool to efficiently move cases through the courts ... The idea of rule 1.070(j) is not to throw up arbitrary temporal barriers for serving process on a defendant who is avoiding service.
Gary J. Rotella & Assocs. v. Andrews, 821 So.2d 468, 469-70 (Fla. 4th DCA 2002) (quoting Sneed v. H.B. Daniel Constr. Co., 674 So.2d 158, 159 (Fla. 5th DCA 1996)).
The trial court properly exercised one of the rule’s three options when presented with the plaintiffs first motion to extend the time to effect service on Lovito. .Several months passed and the court held a case management conference. At that time, the court gave the plaintiff 30 days to effect service on Lovito. While this might be considered a reasonable period of time in the usual case, the extraordinary extent of Lovito’s evasiveness continued to provide good cause to either extend the time or drop the defendant as a party. The court erred in dismissing the entire case given these facts.
The order dismissing the complaint is reversed and the cause remanded for reinstatement of the complaint and proceedings consistent with this opinion.
FARMER, C.J., and POLEN, J.„ concur.

. The form order the trial court entered on May 27, 2003 is not in the record, but the plaintiff states in his initial brief that it was entered at the status conference.