FARMER, C.J.
Plaintiffs seek relief from the dismissal of their complaint for failing to serve process timely. We agree with their arguments and reverse.
Acting without a lawyer, plaintiffs filed suit against two defendants for personal injuries sustained in an automobile accident. Their complaint alleged that defendant Aronowitz, a nonresident automobile owner, may have shown a Florida address at the time of the accident but, they later learned, had a Georgia driver’s license and resided there. On the basis of that allegation, they utilized substituted service on defendant Aronowitz under section 48.161 by serving the Florida Secretary of State.
Although they served the complaint and summons on the Florida Secretary of State, they neglected to mail a copy of the summons and complaint contemporaneously by certified mail to defendant Aronow-itz, as required by statute. See Fla. R. Civ. P. 1.070(j) and § 48.161(1), Fla. Stat. (2004). Nevertheless, they received a copy of the receipted process from the Secretary of State a few days later and in turn immediately forwarded that document to defendant Aronowitz. A few days after that plaintiffs were contacted by initial counsel for defendant Aronowitz, who requested an enlargement of time to respond to the complaint, to which they agreed. All this happened within six weeks from the filing of the action.
The lawyer for defendant Aronowitz filed a motion to quash service on the grounds that the complaint did not adequately allege grounds for substituted service of process. In response, still acting pro se, plaintiffs filed a memorandum stating that they had attempted personal service on defendant Aronowitz in Florida at the address she gave at the time of the accident and that such service had failed because she had moved. They attached the Sheriffs return showing the failure to serve and noting that defendant had moved. Plaintiffs added they had asked initial counsel for defendant Aronowitz— who was also representing her in other *1250 litigation arising from the same accident— for her current address and that the lawyer promised to send them her Georgia address but failed to do so. No hearing was held on defendant’s motion to quash.
The case proceeded against the other defendant. Several months later, new counsel were substituted on behalf of defendant Aronowitz. Several weeks after that, plaintiffs moved to compel a responsive pleading from defendant Aronowitz and for an order denying her motion to quash service.
Meanwhile plaintiffs obtained counsel of their own, who then effected personal service on defendant Aronowitz through a Georgia Sheriff. A formal return was duly filed. Contemporaneous with that filing, plaintiffs’ counsel filed a motion seeking, in substance, an order validating the original substituted service or, alternatively, an after-the-fact “extension of time” recognizing and accepting the personal service recently effected as timely done. The trial court denied that motion and dropped defendant Aronowitz from the lawsuit. Then this appeal.
The purpose of rule 1.070(j) is to prevent a plaintiff from filing a lawsuit but taking no action to move forward on the claim. Nationsbank, N.A., v. Ziner, 726 So.2d 364, 366 (Fla. 4th DCA 1999). It is now understood that rule 1.070(j) “is not intended to be a trap for the unwary, nor a rule to impose a secondary statute of limitations based on time of service.... We instead understand the rule to be an administrative tool to efficiently move cases through the courts.” Gary J. Rotella & Assoc., P.A. v. Andrews, 821 So.2d 468, 470 (Fla. 4th DCA 2002) (quoting Sneed v. H.B. Daniel Constr. Co., 674 So.2d 158, 159 (Fla. 5th DCA 1996)).
This case does not involve an utter failure to attempt to serve process within the rule’s prescribed time limits. The rule’s purpose was certainly fulfilled by plaintiffs’ use of substituted service of process on the Florida Secretary of State. Until that service was formally quashed by an order of the court, it stood as record evidence of the fulfillment of rule 1.070(j).
It is obvious that defendant’s motion to quash complained only about the propriety of using substituted service in place of personal service. Her argument was that substituted service could not be deemed sufficient in this instance because the complaint did not plead a sufficient basis to dispense with personal service. The court’s denial of plaintiffs’ later attempt to validate service means that the court deemed the substituted service insufficient and the later successful personal service too late. We think the court erred in both regards.
The record reflects that defendant Aronowitz had actual notice of the Secretary of State’s receipt of initial process. In other words, defendant was presented with rather stark evidence that she had been sued and that the Secretary (as her agent) had docketed service of process against her, thereby — at least, prima facie — bringing her before the court. At that point the purpose of rule 1.070(j) had then been carried out. Ziner, 726 So.2d at 367 (“[I]t is undisputed that Berezin received the summons and complaint. This receipt assures that Nationsbank met the purpose of Rule 1.070(j)-”); Bice v. Metz Constr. Co., 699 So.2d 745, 746 (Fla. 4th DCA 1997) (“In this case, the first attempt at service was made within the 120-day limit. Accordingly, the trial court erred in dismissing the action.”). As stated earlier, once formal evidence of substituted service was provided, that service complied with rule 1.070(j) unless and until the trial court set it aside.
*1251 To be sure, we disagree with the trial court’s conclusion that plaintiffs had not shown a sufficient basis to authorize substituted service of initial process. The allegation that after driving a vehicle in Florida defendant Aronowitz moved and now resided in Georgia was sufficient to allow for substituted service. See § 48.171, Fla. Stat. (2004) (operation of motor vehicle by person who becomes a nonresident constitutes appointment of Secretary of State as agent for service of process). The motion to quash was not well taken and should have been denied, whenever it was ultimately determined.
And even if the substituted service could somehow be thought invalid, defendant failed to demonstrate that she would have been prejudiced by granting the request for an after-the-fact order deeming the personal service timely for purposes of rule 1.070(j). See Bankers Insur. Co. v. Thomas, 684 So.2d 246, 247 (Fla. 2d DCA 1996) (“We also conclude that the record does not substantiate the trial court’s finding that the appellees would be unduly prejudiced by the delay in notice of the lawsuit.”). Until defendant arranged for a hearing and a determination on her motion to quash the substituted service, service of process was presumed valid for purposes of compliance with rule 1.070(j). That would mean that there was absolutely nothing untimely about perfecting personal service as an additional due process — actual notice — safeguard shoring up the substituted service before any determination was made on the pending motion to quash substituted service. This circumstance is analogous to filing a responsive pleading before the judge enters an order granting a pending motion for default. See In re Estate of Snyder, 562 So.2d 403 (Fla. 4th DCA 1990) (entry of judgment against petitioner held improper where, although court ordered petitioner to file amended petition by certain date and respondent moved for entry of judgment when no amended petition was timely filed, petitioner did file untimely amended petition before hearing on motion for judgment).

Reversed.

SHAHOOD, J., and GREENE, CHARLES M., Assoc. J., concur.