EVANDER, J.
 

 Darlene Hannah appeals from a final order dismissing her lawsuit against Joshua Olivo for failure to timely effect service of process. Because of the applicable statute of limitations, the order effectively dismissed Hannah’s case with prejudice. We reverse. It was error to dismiss Hannah’s action where Olivo was served with process, albeit defectively, within the time period designated by the trial court.
 

 On November 1, 2007, Hannah filed the instant action alleging that she suffered personal injuries as the result of Olivo’s negligent operation of a motor vehicle in Flagler County, Florida, on December 27, 2003. Approximately six weeks later, the Flagler County Sheriffs Office attempted service on Olivo. The Sheriffs return indicated that personal service was not effected because Olivo “MOVED TO CT MONTHS AGO.”
 

 On January 16, 2008, Olivo made a special appearance, through counsel, and moved to dismiss the complaint for lack of service of process. In support of his motion, Olivo submitted an affidavit in which he averred that he had not been served, had not been contacted by anyone else regarding this lawsuit, had never moved to or resided in Connecticut, and was not attempting to conceal his whereabouts. Olivo also submitted affidavits from his
 
 *816
 
 mother, stepfather, and girlfriend — each of whom swore that they lived in the same residence as Olivo, that no other individual over the age of fifteen resided there, and that they had never been contacted regarding service of Hannah’s complaint. None of the four affidavits set forth the address of Olivo’s residence. Two weeks later, the trial court denied Olivo’s motion to dismiss.
 

 On February 12, 2008, Hannah filed a motion for extension of time to effect service, attaching the Sheriffs return reflecting an unsuccessful attempt at service. The trial court granted the motion and gave Hannah an additional 120 days (through June 30, 2008) to effect service.
 

 In May 2008, Hannah filed a motion to allow service upon Olivo through the Secretary of State because of Olivo’s alleged efforts to conceal his whereabouts. Alternatively, Hannah requested additional time in which to effect service. Hannah’s motion detailed her investigator’s purported efforts to locate Olivo. The motion was denied. However, on June 11, 2008, the trial court did grant Hannah’s subsequent motion to have Cynthia Roque of Locators International, Inc., appointed as a special process server.
 
 [1]
 

 Roque was successful in serving Olivo. However, the date of service of process was May 30, 2008. On June 12, 2008, Olivo filed a motion to quash service, correctly alleging that Roque had served Oli-vo
 
 prior
 
 to the court’s order appointing her as a special process server. On July 1, 2008, Roque served Olivo again. Yet, on August 7, 2008, the trial court granted Olivo’s motion to dismiss Hannah’s complaint. The trial court found that the May 30, 2008 service was invalid because Roque had not yet been appointed by the court as a process server and that the July 1, 2008 service was too late — having occurred after the expiration of the 120-day extension period previously granted by the trial court.
 

 We agree with Olivo that the May 30th service was invalid because Roque had not yet been appointed to be a special process server.
 
 See, e.g., Decker v. Kaplus,
 
 763 So.2d 1229 (Fla. 5th DCA 2000) (service upon defendants defective because process server not qualified to effect service in county where defendants were served, rendering final judgment voidable). However, the invalidity of the May 30th service of process does not mandate dismissal of Hannah’s action.
 

 Florida Rule of Civil Procedure 1.070(j)
 
 [2]
 
 provides that service of process is to be made on a defendant within 120 days after filing of the initial pleading directed to that defendant, unless the court, upon a showing of good cause or excusable ne-
 
 *817
 
 gleet, extends the time for service for an appropriate period. The rule is not intended to be a trap for the unwary nor a rule to impose a secondary statute of limitations based on time of service. Rather, the rule is designed to be a case management tool to effectively move cases through the courts.
 
 See Roberts v. Stidham,
 
 19 So.3d 1155, 1157-58 (Fla. 5th DCA 2009);
 
 Sneed v. H.B. Daniel Constr. Co., Inc.,
 
 674 So.2d 158, 160 (Fla. 5th DCA 1996).
 

 Accordingly, courts have found an abuse of discretion in dismissing a complaint where service, albeit defective, was effected within the allowable time.
 
 Sneed
 
 (dismissal of action improper where service, although invalid, effected within 120 days of filing initial complaint);
 
 see also Bice v. Metz Constr. Co., Inc.,
 
 699 So.2d 745 (Fla. 4th DCA 1997);
 
 Bankers Ins. Co. v. Thomas,
 
 684 So.2d 246 (Fla. 2d DCA 1996);
 
 Caban v. Skinner,
 
 648 So.2d 251 (Fla. 3d DCA 1994). These eases recognize the difference between a lack of service and defective service:
 

 A distinction is to be noted between a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him. The former confers no jurisdiction of the person by the court, but the latter or defective service of process, on the contrary, confers jurisdiction upon the court of the person summoned so that the judgment based upon it is voidable only and not void and cannot be collaterally attacked.
 

 State ex rel. Gore v. Chillingworth,
 
 126 Fla. 645, 171 So. 649, 652 (1936) (citations omitted).
 

 Under the facts of this case, the proper procedure was to quash the service but permit the action to remain pending.
 
 Bice,
 
 699 So.2d at 746. On remand, the trial court must determine whether the service of process alleged to have been effected on July 1, 2008 was valid. If so, the trial court should direct Olivo to respond to the complaint. If not, the court can direct Hannah to effect service within some reasonable amount of time.
 
 Id.
 

 REVERSED and REMANDED.
 

 TORPY and LAWSON, JJ., concur.
 

 [1]
 

 . The trial court's appointment of Ms. Roque was made pursuant to Florida Rule of Civil Procedure 1.070(b).
 

 [2]
 

 . Process.
 

 [[Image here]]
 

 (j) Summons; Time Limit. If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct the service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaint on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1).