DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GATELAND VILLAGE CONDOMINIUM, INC.,**
Appellant,

v.

**MARY ELIZABETH HOLLY,**
Appellee.

No. 4D21-2639

[November 16, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily R. Powell, Judge; L.T. Case No. 20-5094 CACE (09).

Michele K. Feinzig of Michele K. Feinzig, P.A., Coral Springs, and Beth G. Lindie and Jeremy M. Zubkoff of Esler & Lindie, P.A., Fort Lauderdale, for appellant.

Tyrone A. Latour of Latour Esquire, P.A., Coral Springs, for appellee.

CIKLIN, J.

Gateland Village Condominium, Inc. ("Gateland"), appeals an order dismissing its suit against Mary Elizabeth Holly ("Holly"). We agree with Gateland that the trial court erred in dismissing its suit based on defective service and a finding that Gateland failed to comply with statutory conditions precedent to suit. We therefore reverse the challenged order.

This appeal arises from a suit brought by Gateland, a condominium association, against Holly, a unit owner. In Count III of the complaint, Gateland alleged Holly breached the governing documents by refusing to provide Gateland access to her unit and by failing to maintain and repair her air conditioning system which was causing continued damage to the common area condominium roof and water intrusion into another condominium owner's unit. Gateland also alleged it satisfied all conditions precedent to bringing suit. With respect to that count, Gateland sought a judgment for damages including pre-judgment interest, "lien rights under the Declaration of Condominium and Bylaws and for foreclosure upon same, costs, and reasonable attorney's fees and costs pursuant to Florida Statute §718.303 and/or the Declaration of Condominium and/or

Bylaws."

At the same time it filed its complaint, Gateland moved for a temporary injunction based on allegations contained in the complaint. Holly filed an opposition to the motion, asserting that the trial court lacked personal jurisdiction due to the absence of service of process. After a hearing on Gateland's temporary injunction motion, at which Holly's counsel appeared, the trial court granted relief but made some accommodations for Holly based in part on stipulations made by the parties. Subsequently, Holly filed an answer (which she twice amended) and in which she sought affirmative relief. Additionally, Holly raised affirmative defenses, including her claim that the trial court lacked personal jurisdiction because she was not personally served with the summons and complaint. Holly also alleged that Gateland failed to satisfy prerequisites to filing suit required by statutes and by the condominium's governing documents.

Holly moved for summary judgment, seeking dismissal of the suit based on the three affirmative defenses which she asserted, in addition to other grounds. Gateland responded, asserting among other things that Holly waived service of process by seeking affirmative relief, including reinstallation of her air conditioning unit, reimbursement of prior assessments which she had paid, and attorney's fees. Gateland also argued that the statutes on which Holly relied did not apply and the bylaws' notice provision does not apply to emergency situations.

The trial court agreed with Holly and dismissed the suit without prejudice to refile; however, the court did not address Holly's argument that Gateland failed to satisfy the notice provision of the bylaws.

On appeal, Gateland argues, and we agree, that based on the record before us, which includes court filings and transcripts of the injunction hearing, Holly waived the issue of defective service of process and lack of personal jurisdiction by seeking affirmative relief. *See generally Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) ("[A] defendant waives a challenge to personal jurisdiction by seeking affirmative relief – such requests are logically inconsistent with an initial defense of lack of jurisdiction."). Even if Holly had not waived the issue, dismissal was improper. *See Nationsbank, N.A. v. Ziner*, 726 So. 2d 364, 367 (Fla. 4th DCA 1999) (recognizing that where improper service by mail was made within the allotted time period, "instead of moving for a dismissal, the proper procedure is for a defendant to move to quash service").

Gateland also argues the trial court erred in dismissing based on Gateland's purported failure to satisfy statutory conditions precedent to

suit found in sections 718.116(5)-(6) and 718.121(4), Florida Statutes (2020). In a written order of dismissal, the court ruled as follows:

> The Condominium Act sets out preconditions that must be satisfied before the Association can file to foreclose on Holly. *See Florida Statute* 718.121(4) and 718.116(5) and subsection (6). These include sending a notice of intent to file a claim of lien, recording a claim of lien, and sending a notice of intent to foreclose a claim of lien, all before filing to foreclose. . . . Here, the Association failed to satisfy statutory . . . preconditions to foreclosure by (1) failing to send Holly a notice of intent to file a claim of lien, (2) failing to record a claim of lien against Holly, and (3) failing to send Holly a notice of intent to foreclose a claim of lien.

This was error. Section 718.116(6) does not provide for a condition precedent to the *filing* of a foreclosure suit. Rather, it provides for written notice of intent to foreclose on a lien for unpaid assessments *before a foreclosure judgment may be entered*. *See* § 718.116(6)(b), Fla. Stat. (2020). Further, because Gateland's suit also sought injunctive relief and damages based on a breach of the condominium's governing documents, the trial court erred in dismissing the entire suit based on a finding that applied only to Gateland's request for a foreclosure judgment.

Additionally, section 718.116 does not contain an absolute requirement of pre-lien notice or recordation of a claim of lien. Instead, section 718.116(5)(a) provides that "[t]he association has a lien on each condominium parcel to secure the payment of assessments" and that "the lien is effective from and shall relate back to the recording of the original declaration of condominium." As we explained in *Calendar v. Stonebridge Gardens Section III Condo. Ass'n*, 234 So. 3d 18 (Fla. 4th DCA 2017):

> Section 718.116 clearly states that an association has a lien on each parcel, and implies that a claim of lien against a unit owner for assessments becomes necessary only in cases where a mortgagee is also asserting a claim:
>
> > (5)(a) The association has a lien on each condominium parcel to secure the payment of assessments . . . . [T]he lien is effective from and shall relate back to the recording of the original declaration of condominium . . . . However, as to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the condominium parcel is

located.

> § 718.116, Fla. Stat.  Consequently, under section 718.116, where a declaration of condominium is recorded, such as in the instant case, recording a claim of lien is not an absolute prerequisite to the enforcement of a lien for unpaid assessments. . . .

*Id.* at 19 (alterations in original).

Finally, although the applicable version of section 718.121(4) provides that a notice of intent must be sent to the unit owner prior to filing a lien, Gateland did not file a lien.  Rather, as previously discussed, Gateland had a lien upon recording the original declaration of condominium.

Based on the foregoing, we reverse the dismissal of Gateland's suit and remand for further proceedings.

*Reversed and remanded for further proceedings.*

WARNER and ARTAU, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

4