# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1788
Lower Tribunal No. 14-20872-CA-01
_____


**Surf Consultants, Inc.,**
Appellant,

vs.

**Lizbeth Sanchez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Sprechman & Fisher, P.A., and Stacey S. Fisher, for appellant.

No appearance, for appellee.


Before SCALES, C.J., and EMAS and LOBREE, JJ.

PER CURIAM.

Surf Consultants appeals the trial court's (1) order granting a motion to vacate default final judgment based on defective service of process and (2) order dismissing the action without prejudice. While we find no gross abuse of discretion in granting the motion to vacate the default final judgment, see DND Mail Corp. v. Andgen Props., LLC, 28 So. 3d 111, 113 (Fla. 4th DCA 2010) ("An order granting a motion to vacate a default final judgment is reviewed under a 'gross abuse of discretion' standard.") (citation omitted) and Karan v. Pernia, 343 So. 3d 689, 690 (Fla. 3d DCA 2022) (noting the distinction between the standard of review for an order denying a motion to vacate default (abuse of discretion) and an order denying motion to vacate default final judgment (gross abuse of discretion)), see also Allstate Mortg. Sols. Transfer, Inc. v. Bank of Am., N.A., 338 So. 3d 985, 987-88 (Fla. 3d DCA 2022) ("A defendant may voluntarily appear in the case and submit to the court's jurisdiction in any number of ways, ranging from failure to timely object to personal jurisdiction, to submission implied from conduct, to express consent to the prosecution of a case before the court."); compare with Vives v. Wells Fargo Bank, N.A., 128 So. 3d 9 (Fla. 3d DCA 2012) (holding pro se mortgagor did not waive defense of lack of service of process in foreclosure action where she first appeared in action when she filed emergency motion to cancel foreclosure sale and contested service of

process in the emergency motion), we reverse the trial court's order dismissing the action, because the trial court's determination (that service of process on Surf Consultants was defective) should have resulted in an order quashing service of process, rather than outright dismissal without prejudice, which in the instant case effectively dismissed the case with prejudice, given the expiration of the statute of limitations. See Caban v. Skinner, 648 So. 2d 251, 251 (Fla. 3d DCA1994) ("The trial court may not dismiss the complaint, where, as here, service, albeit invalid service, was effected during the designated time."); Bice v. Metz Const. Co., 699 So. 2d 745, 746 (Fla. 4th DCA 1997) (noting that a "dismissal of an action is improper where service, albeit invalid, was effected within the 120–day period.") (citing Sneed v. H.B. Daniel Const. Co., 674 So. 2d 158, 159 (Fla. 5th DCA 1996) (reversing trial court's dismissal with prejudice of the plaintiff's complaint on the basis it was served on the defendant beyond the 120 days of the date of filing the initial complaint)); Stoeffler v. Castagliola, 629 So. 2d 196, 198 (Fla. 2d DCA 1993) (holding: "Even though service of process against both [defendants] was invalid, the action against both should remain pending because service, although invalid, was made within the 120-day limit pursuant to Florida Rule of Civil Procedure 1.070(j)") (citing Payette v. Clark, 559 So. 2d 630, 633 (Fla. 2d DCA 1990) ("When an invalid method of service is used, the proper

3

procedure is to quash the service and permit the action to remain pending.")); see also Miranda v. Young, 19 So. 3d 1100, 1102 (Fla. 2d DCA 2009) ("[W]hen the statute of limitations has run and service has been perfected as of the date of the hearing on the motion to dismiss, a trial court abuses its discretion by not extending the time for service and dismissing the complaint.") (citing Brown v. Ameri Star, Inc., 884 So. 2d 1065, 1067 (Fla. 2d DCA 2004) ("[I]t ordinarily is an abuse of discretion not to allow additional time for service of the summonses even in the absence of a showing of good cause or excusable neglect" if the order of dismissal is entered after the statute of limitations has run) and Kohler v. Vega–Maltes, 838 So. 2d 1249, 1250 (Fla. 2d DCA 2003) ("[W]here the statute of limitations has run and there has been no showing of good cause or excusable neglect, discretion should be exercised in favor of giving the plaintiff an extension of time to accomplish service.")).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.