THE NATIONAL NET & TWINE COMPANY, a Corporation, *Plaintiff in Error,* vs. J. E. STEVENS, doing business as THE CRYSTAL RIVER FISH & OYSTER COMPANY, *Defendant in Error.*

Division A.

Opinion filed June 6, 1931.

*Strauss L. Lloyd,* for Plaintiff in Error;

*Scofield & Scofield,* for Defendant in Error.

BUFORD, C.J.—In this case a foreign corporation filed suit against the defendant in error in the Circuit Court of Citrus County, Florida. The praecipe for summons ad res does not appear in the record. It is recited, however, in the order made by the Court that the same was filed on the 30th day of November, 1928. The declaration was filed on the 3rd day of December, 1928. A bond was filed on December 5th, 1928. The caption of the bond was as follows:

"In the Circuit Court of the 24th Judicial Circuit of the State of Florida

The National Net & Twine Company, a corporation

vs.

The Crystal River Fish & Oyster Company."

The obligees named in the bond were "Crystal River River Fish & Oyster Company and C. E. Conner, Clerk

of the Circuit Court of Citrus County, Florida." The condition of the bond was as follows:

"The condition of this obligation is such, that whereas on the _____ day of October, A.D. 1928, the said Nation__ Net & Twine Company, the plaintiffs commenced an action in the Circuit Court of Citrus County, against the said Crystal River Fish & Oyster Company, and whereas the said plaintiff is a non-resident of the State of Florida and is here required to give said bond by reason thereof.

Now, if the said National Net & Twine Company shall well and truly pay all costs which may accrue in said action in said court or any court to which the same may be carried, either to the defendant or the said C. E. Conner, as Clerk as aforesaid, then this obligation to be void, otherwise to remain in full force and virtue."

So far as the record shows, there was no suit pending in October, 1928, between the plaintiff and the defendant in the instant suit. Whether there was any suit pending between the plaintiff and the Crystal River Fish & Oyster Company is not made to appear.

The bond was executed on October 25th, 1928.

Motion was made to dismiss the suit because of failure to file the bond for costs as is required by section 2948 R. G. S., 4672 C. G. L. The record shows that demand was made by the defendant on December 22nd, 1928, for bond to be filed. The bond filed on December 5th did not meet the terms of the statute above referred to. The bond was executed by the plaintiff alone. It did not properly name the defendant. It referred to a suit filed under a different caption on a prior date to which the suit here involved was filed. On timely motion being made, the court dismissed the suit for failure to file

the bond as required. Writ of error was taken to the order dismissing the suit.

The statute has not been complied with. Demand was made by the defendant as is required by the statute and, after the expiration of thirty days, during which time the plaintiff could have conformed to the statute by filing the bond, and after notice to opposing counsel, the motion to dismiss was made and granted.

There appears to be no error in the judgment. Therefore, it should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.