R. W. Thompson and Peoria Development Company, a corporation, *Appellants* v. William Grosslaub, and others, *Appellees*.

147 So. 861.

Division A.

Opinion filed April 24, 1933.

*A. Charles Thompson,* for Appellants;

*W. G. Vaughn,* for Appellees.

Davis, C. J.—This is an appeal from an interlocutory order of the Circuit Court of Brevard County, refusing appellants' motion to dismiss an equity suit because of non-compliance with Section 4672, C. G. L., 2948 R. G. S. as to giving security for the payment of costs in cases where suits are brought in the courts of this state by non-resident plaintiffs. The record shows that a bond was in fact actually given, approved and filed by the responsible party charged with the duty of giving same, but the contention

here made is that it was not given within the time required by law after notice was served upon plaintiff in accordance with the statute.

The holding of this Court in National Net & Twine Company v. Stevens, 101 Fla. 801, 135 Sou. Rep. 509, relied upon by appellants for reversal of the order complained of, is not susceptible of application to the effect that because of the statute, the Court is without any discretion that it may exercise by denial of motion to dismiss a cause under it, when it is made to appear that the object of the statute has been met, although the statute was disregarded in form.

Section 4672, C. G. L., *supra,* must be construed as having for its practical object the obtaining of an adequate security for court costs in a suit being prosecuted by a non-resident plaintiff. The allowance of a motion to dismiss is merely a means which is authorized by the statute to be used in order to coerce observance with its terms. Therefore, where it is made to appear to the Court that although a non-resident plaintiff or complainant in a case is in technical default because he has not complied with the terms of the statute within the period required therefor, but has nevertheless afterward given, filed and had approved by the Clerk of the Circuit Court a bond which is good in substance and adequate for the purpose of the required security as to payment of costs, the Court may in its' sound discretion refuse to dismiss the suit because the bond was not given and filed within the statutory time, since the object of the statute is realized by the bond that has been actually given and accepted.

This is not to say that the Court is required to indulge those non-resident plaintiffs who fail to observe the plain terms of statutes requiring them to comply with certain conditions for the maintenance of suits in the courts of this

state, but simply means that where it has been made to this Court that the real object of the statute has been obtained, and a bond has been actually filed and accepted before a motion to dismiss is brought on for hearing, that the appellate court will not reverse an order of the Circuit Court exercising its discretion in refusing to dismiss the suit for noncompliance with the form of the statute when the substance of it appears to have been met.

In this case it appears that the bond on file is not fatally defective for the purpose for which it was given, and inasmuch as it has been taken and approved by the Clerk of the Circuit Court who is responsible for his approval of it as to the sufficiency of the sureties thereon, the order appealed from denying the appellants' motion to dismiss the suit for failure to give bond as required by the statute, will·be affirmed, no abuse of discretion appearing.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.