PER CURIAM.
The plaintiffs below, Jose Diaz and Raquel Diaz, appeal from the trial court’s order dismissing their complaint with prejudice. We reverse and remand for further proceedings.
The defendants below, Simon Bravo and Natural Fruit Corp., filed an unverified motion to dismiss the complaint based on several grounds, including, res judicata, estop-pel, laches, and the failure to post a bond pursuant to Section 57.011, Florida Statutes (1991). The trial court entered an order dismissing the complaint with prejudice. The trial court, however, did not state its reason for granting the motion to dismiss.
Res judicata, estoppel and laches are affirmative defenses which are not properly raised by a motion to dismiss, but should be pled as part of the answer. See Rule 1.110(d), Fla.R.Civ.P.; see also In re Estate of Donner, 364 So.2d 757 (Fla.3d DCA 1978); United States Rubber Co. v. Lucky Nine, Inc., 159 So.2d 874 (Fla.3d DCA 1964). Therefore, if the motion to dismiss was granted on either of those grounds, the trial court erred. If the motion to dismiss was granted based on the plaintiffs’ failure to post a bond pursuant to section 57.011, the trial court also erred since the plaintiffs’ failure to post the bond could have been easily remedied.
Accordingly, the trial court’s order dismissing the plaintiffs’ complaint is reversed and this matter is remanded for further proceedings.
Reversed and remanded.