947 So.2d 630 (2007)
EASTERN INVESTMENTS, LLC, Appellant,
v.
CYBERFILE, INC., a Florida corporation, and Amy Smith, jointly and severally, Appellees.
No. 3D06-247.
District Court of Appeal of Florida, Third District.
January 17, 2007.
*631 M.J. Ejenbaum, for appellant.
Geller, Geller, Fisher & Garfinkel, Hollywood, for appellees.
Before RAMIREZ, and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
RAMIREZ, J.
Eastern Investments, LLC, appeals an order granting a motion to dismiss the Amended Complaint with prejudice. We reverse.
Eastern Investments sued Cyberfile, Inc., a Florida corporation, and Amy Smith for fraud. After an agreed order initially granting defendants' motion to dismiss, Eastern Investments filed its amended complaint, which the defendants again moved to dismiss. In granting the motion, the court gave three reasons: (1) Failure of Eastern Investments to post a non-resident cost bond pursuant to section 57.011, Florida Statutes; (2) Eastern Investments is a foreign entity which had not registered to do business in the State of Florida with the Florida Department of State pursuant to section 608.4511(7), Florida Statutes; and (3) Eastern Investments was not a proper party to bring this action as it lacked standing.
Section 57.011 provides, in pertinent part:
Costs; security by nonresidents
When a nonresident plaintiff begins an action . . . he or she shall file a bond with surety to be approved by the clerk of $100, conditioned to pay all costs which may be adjudged against him or her in said action in the court in which the action is brought. On failure to file such bond within 30 days after such commencement or such removal, the defendant may, after 20 days' notice to plaintiff (during which the plaintiff may file such bond), move to dismiss the action or may hold the attorney bringing or prosecuting the action liable for said costs and if they are adjudged against plaintiff, an execution shall issue against said attorney.
It is undisputed that the defendants never gave the plaintiff the twenty days' notice as provided for in the statute. We hold that the failure to provide such notice was fatal to the motion to dismiss. We do not believe that a proper substitute for such notice was provided within the defendants' motion to dismiss listing fifteen different grounds. Nevertheless, in the motion for rehearing, plaintiff alleged that it had complied with the statute. We conclude that the trial court abused its discretion in dismissing the case with prejudice on this ground. See Diaz v. Bravo, 603 So.2d 106, 107 (Fla. 3d DCA 1992) (stating that a motion to dismiss for failure to post a bond pursuant to section 57.011 can be easily remedied).
As to the second ground, section 608.4511(7) provides:
Any limited liability company failing to file an annual report which complies with the requirements of this section shall not be permitted to prosecute, maintain, or defend any action in any court of this state until such report is filed and all fees, penalties, and taxes due under this chapter are paid. . . .
The language of the statute suggests that any failure to comply simply prevents a plaintiff from prosecuting the action, a disability that can be remedied at any point. And that is what we stated in Industrial Nat. Mortg. Co. v. Blake, 406 So.2d 103, 104 (Fla. 3d DCA 1981) ("Industrial National *632 could have overcome its litigious disability by the simple expedient of filing the overdue reports and paying the back taxes."). Here, Eastern Investments alleged in its motion for rehearing: "[t]he matters upon which the court dismissed the amended complaint have been remedied herein." We conclude that it was an abuse of discretion to dismiss on this ground.
The third basis stated for dismissal is Eastern Investments' lack of standing. This is also an infirmity that can be easily remedied with an amended complaint by the simple expedient of obtaining an assignment from the signatory of the contract, which plaintiff claims it controls. Florida Rule of Civil Procedure 1.210(a) permits an action to be prosecuted in the name of someone other than, but acting for the real party in interest. See Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178, 1183 (Fla. 3d DCA 1985). It was an abuse of discretion to dismiss with prejudice on this ground.
We therefore reverse and remand with directions to allow Eastern Investments to file a second amended complaint.