NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DYCK-O'NEAL, INC.,                      )
                                        )
            Appellant,                  )
                                        )
v.                                      )        Case No. 2D15-796
                                        )
KENNETH M. DUFFY,                       )
                                        )
            Appellee.                   )
_____)

Opinion filed December 2, 2015.

Appeal from the Circuit Court for Lee
County; Alane C. Laboda, Judge.

Susan B. Morrison and Lauren E. Wages of
Law Office of Daniel C. Consuegra, P.L.,
Tampa, for Appellant.

Darrin R. Schutt of Schutt Law Firm, P.A.,
Fort Myers, for Appellee.


VILLANTI, Chief Judge.

        In this appeal, we confront the issue of whether a lawsuit should be

dismissed when an out-of-state plaintiff fails to timely file the nonresident cost bond

required by section 57.011, Florida Statutes (2014), but does file such a bond before the

hearing on the defendant's motion to dismiss for failure to file the bond. We answer this

question in the negative and thus reverse the dismissal here and remand for further proceedings.

Dyck-O'Neal, Inc. (DONI), an out-of-state corporation, filed a foreclosure action on a note and mortgage given by Duffy on real property he owned in Florida. When Duffy was served with the complaint, he sent a notice to DONI pursuant to section 57.011, advising DONI of the statutory requirement that it, as an out-of-state plaintiff, file a $100 nonresident cost bond. Section 57.011 provides that if the out-of-state plaintiff fails to file the nonresident cost bond within twenty days of such notice, the defendant "may . . . move to dismiss the action or may hold the attorney bringing or prosecuting the action liable for said costs." § 57.011.

After DONI failed to file the required nonresident cost bond during the twenty-day period after service of Duffy's notice, Duffy filed a motion to dismiss the foreclosure complaint on September 4, 2014. That same day, he filed a notice of hearing on the motion, setting the hearing for October 13, 2014. On September 10, 2014, the Clerk of the Circuit Court docketed the filing of the required nonresident cost bond by DONI. Nevertheless, the trial court went forward with the hearing on Duffy's motion to dismiss on October 13, 2014, and it dismissed DONI's complaint "due to the untimely filing of the bond per statute." This appeal ensued.

On the record before this court, there is no question that DONI did not comply with the statutory requirement that it file a nonresident cost bond within twenty days of receiving notice of the requirement from Duffy. However, there is also no question that DONI did file the required bond more than a month before the hearing on Duffy's motion to dismiss the complaint. And there is also no question that Duffy failed

- 2 -

to offer any evidence that he had been prejudiced by DONI's delay in filing the required bond. Given that DONI complied with the statutory requirements, albeit in an untimely fashion, and that Duffy was not prejudiced by the delay, dismissal of DONI's complaint was an abuse of discretion.

From the record, it appears that the trial court believed that section 57.011 required it to dismiss the complaint based on DONI's untimely filing of the bond, regardless of the fact that the bond was later filed and Duffy had suffered no prejudice from the late filing. The trial court's belief was unfounded for two reasons. First, the plain language of section 57.011 does not require a trial court to grant a defendant's motion to dismiss. The statute gives the defendant two options if the out-of-state plaintiff does not timely file the required bond: move for dismissal or seek to hold the attorney bringing the action liable for costs. However, the statute does not require the trial court to grant either of these remedies simply because the defendant has sought them. In the absence of such a requirement, the trial court has the discretion to determine whether a defendant's motion should be granted in light of the purpose of the statute, which is "to protect prevailing defendants against suits brought by nonresident plaintiffs, so that such defendants are guaranteed up to $100 of their costs in the action." Certex USA, Inc. v. Vidal, 706 F. Supp. 2d 1291, 1295 (S.D. Fla. 2010) (quoting Lady Cyana Divers, Inc. v. Carvalho, 561 So. 2d 612, 613 (Fla. 3d DCA 1990)). And this determination should also include consideration of all of the circumstances of the case, including whether the out-of-state plaintiff has, in fact, belatedly filed the required bond.

Second, longstanding case law does not support the trial court's belief that dismissal was required. In Thompson v. Grosslaub, 147 So. 861 (Fla. 1933), the supreme court specifically held that the trial court had the discretion to refuse to dismiss an out-of-state plaintiff's action even though the required nonresident cost bond was not filed within the statutory time. In rejecting the defendant's argument that dismissal was required, the supreme court explained:

> The allowance of a motion to dismiss is merely a means which is authorized by the statute to be used in order to coerce observance with its terms. Therefore, where it is made to appear to the court that, although a nonresident plaintiff or complainant in a case is in technical default because he has not complied with the terms of the statute within the period required therefor, but has nevertheless afterward given, filed and had approved by the clerk of the circuit court a bond which is good in substance and adequate for the purpose of the required security as to payment of costs, the court may in its sound discretion refuse to dismiss the suit because the bond was not given and filed within the statutory time, since the object of the statute is realized by the bond that has been actually given and accepted.

Id. at 862 (emphasis added). More recent cases have continued to apply the supreme court's rationale when considering motions to dismiss under section 57.011. See, e.g., Diaz v. Bravo, 603 So. 2d 106, 107 (Fla. 3d DCA 1992) (reversing dismissal when the plaintiff had not filed the required bond and noting that "[i]f the motion to dismiss was granted based on the plaintiffs' failure to post a bond pursuant to section 57.011, the trial court also erred since the plaintiffs' failure to post the bond could have been easily remedied"); cf. E. Invs., LLC v. Cyberfile, Inc., 947 So. 2d 630, 631 (Fla. 3d DCA 2007) (reversing dismissal of complaint on other grounds but noting that the plaintiff had alleged in its motion for rehearing that it had now complied with section 57.011 and,

- 4 -

citing Diaz, stating that dismissal under that statute on those facts was an abuse of discretion). These cases recognize that section 57.011 is coercive rather than punitive, and once the statutory purpose is realized, its language should not be used to punish a compliant plaintiff.

Here, the record shows that DONI complied with the statute and filed the required bond more than a month before Duffy's motion to dismiss was heard. As in Eastern Investments, the error in not timely filing the bond was remedied before the dismissal was final. Clearly if dismissal was improper in Eastern Investments when the plaintiff waited to file the bond until after dismissal had been granted, it was improper here when the bond was filed before the hearing on the motion to dismiss was even held. Therefore, it was an abuse of the trial court's discretion to dismiss DONI's action in light of its actual, although belated, filing of the bond.

In reaching this conclusion, we recognize that section 57.011 sets a deadline for compliance and authorizes a defendant to seek specified relief if an out-of-state plaintiff does not timely comply with the statutory obligation. We certainly do not condone the actions of out-of-state plaintiffs who delay in complying with this obligation. However, once an out-of-state plaintiff has complied with the statute by filing the required bond, dismissal is simply no longer an appropriate remedy for the prior violation of section 57.011.

Finally, we note that while the parties argued in their briefs whether the factors set forth in Kozel v. Ostendorf, 629 So. 2d 817 (Fla. 1993), applied to this type of statutory violation, they asserted at oral argument that the Kozel factors do not apply. While we are not convinced that the Kozel factors could not have been used by the trial

court to fashion some sanction for DONI's delay in filing the required bond, we will not address this now-abandoned issue.  Instead, we simply reverse the order dismissing DONI's complaint and remand for further proceedings.

Reversed and remanded.


LaROSE and SALARIO, JJ., Concur.